# WHEELING

GRAFTON GROCERY CO. *v.* HOME BREWING COMPANY OF GRAFTON.

Submitted February 28, 1906.    Decided June 13, 1906.

1. MECHANIC'S LIEN—*Notice—Sufficiency.*

   In a suit to enforce a mechanic's lien against the property of "Home Brewing Company of Grafton," the account being for materials furnished to K., principal contractor for the construction and alteration of a building in the City of Grafton on said property, notice being given to, and the mechanic's lien recorded in the name of "Home Brewing Company," omitting from the name of said company the words "of Grafton."    *Held:*    An immaterial variance. (p. 284.)

2. CORPORATIONS—*Actions—Variance.*

   While it is true corporations are mere legal creatures and must sue and be sued in their true corporate names, yet if some words added, omitted, or changed in the spelling, in the true name of the corporation, this is not a fatal variance, if there be enough to distinguish it from other corporations or to show that the corporation suing or being sued is the one intended,    (p. 285.)

Appeal from Circuit Court, Taylor County.

Bill by the Grafton Grocery Company against the Home Brewing Company of Grafton and others. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

JOHN BASSELL, G. H. A. KUNST, and DOUGLASS & STEPTOE, for appellant.

B. F. BAILEY, for appellees.

MCWHORTER, PRESIDENT:

The Grafton Grocery Company, a corporation, among other things dealer in nails, lime, cement and perhaps other building material, sold to John V. Knoth, principal contractor for the construction and alteration of a building situated in the City of Grafton, Taylor county, for Home Brewing Company, certain building materials. The grocery company furnished such building materials to said Knoth beginning March 17, 1904, and until July 25, 1904. On the 12th day of August, 1904, it caused to be served upon the Home Brewing Company an itemized account to the amount of $1076.30 together with a description of certain lots of ground, the property of said Home Brewing Company, upon which it claimed its mechanic's lien for the materials so furnished to the said contractor; and on the same day, the 12th of August, caused its said mechanic's lien to be duly recorded in the clerk's office of the county court of Taylor county. At the December rules 1904 the said Grafton Grocery Company filed its bill in equity in the circuit court of Taylor county against the said Home Brewing Company, John V. Knoth, Clarksburg High Grade Shale Brick Company, a corporation, William Jennings and Walter Rau, seeking to enforce its said mechanic's lien; and alleging that in a deed from William Jennings and wife to Home Brewing Company, a copy of which was filed with the bill, a lien was retained for the benefit of William Jennings and Walter Rau to secure the payment of $2,000.00, payable to the Grafton Bank, represented by a note upon which note Jennings and Rau were endorsers for the accommodation of said Home Brewing Company, charging that while said lien did not appear to be released of record, that said note had been paid and said lien should be released; also alleging that there appeared of rec-

ord in the county clerk's office a mechanic's lien for the sum of $2638.17 in favor of said defendant Clarksburg High Grade Shale Brick Company on the said building and real estate and that said lien was not released of record but had been paid off and should be released; and praying that the parties named as defendants be required to answer the bill, and that said real estate owned by the Home Brewing Company together with the building situated thereon be decreed to be sold to satisfy plaintiff's lien, and for general relief. The plaintiff filed with its bill several deeds conveying said lots, in some of which "Home Brewing Company of Grafton," West Virginia, is named as vendee and in others "Home Brewing Company" is named as vendee. At the March term 1905 of said court before the appearance of any of the defendants, the plaintiff filed in open court its amended bill against the same parties and naming still others who had acquired liens against the same property and giving the Home Brewing Company its correct technical name of "Home Brewing Company of Grafton," which amended bill was remanded to rules for process there to be matured for hearing. On the 20th of June the defendant, Home Brewing Company of Grafton, entered its demurrer to the bill and amended bill which being argued, the court sustained the demurrer and dismissed plaintiff's bills and, the plaintiff declining to amend, the court gave judgment for defendant for costs, from which decree of dismissal the plaintiff appealed.

There does not appear in the record a written demurrer hence no grounds of demurrer are set forth in the record, but it seems to be conceded that the only defect there is in the bill or papers constituting the mechanic's lien sued upon is in the misnomer of the defendant, it being sued as "Home Brewing Company" while its true corporate name is "Home Brewing Company of Grafton." An examination of the bills and papers discloses no other defect, and the appellee in its brief claims none other, and relies upon *Mayes* v. *Ruffner*, 8 W. Va. 384 and *U. S. Blowpipe Co.* v. *Spencer*, 40 W. Va. 698 to sustain its position. In the latter case it is held that "such lien can be maintained only by a substantial compliance with the requirements of the statute in respect to designating the name of the owner of the property, the account proper, and the sworn statement annexed thereto, may be

read together;" and in the former it is held: "A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute." And further: "The statute contemplates a positive designation of the name of the owner, if known to the person seeking the lien." In case at bar the only defect in the name of the defendant company is in leaving off the words "of Grafton." The defendant seems to have been generally known by the name of "Home Brewing Company," and in at least one instance it took from Wm. Jennings and wife conveyance of several lots of land in the City of Grafton, and a part of the real estate sought in this suit to be subjected to plaintiff's mechanic's lien, in its name as "Home Brewing Company," leaving off the words "of Grafton." And also in an "inter-parties deed made this 24 day of March 1904 between N. C. Musgrove" and wife and the Home Brewing Company of Grafton, said Musgrove and wife "grants and conveys to the said Home Brewing Company that portion of lot, 212," &c. While technically the words "of Grafton" were a part of the name of defendant company, they seem to have been used or left out at the pleasure of any who might refer to the company, as well as by the company itself, in writing or otherwise. The defend ant company had full notice of the lien sought to be enforced and the property to be charged with it, the description of the real estate contained in the notice being the same as that contained in the conveyances to the company with references to the deeds conveying the same. In *Marmet* v. *Archibald*, 37 W. Va. 778, it is held, (Syl. point 2): "A contract entered into by a corporation under an assumed name may be enforced by either of the parties, and the identity of the company may be established by the ordinary methods of proof." And in *Walrath* v. *Campbell*, 28 Mich. 111, it is held, Syl. point 4: "The execution of a mortgage upon the property of the First Orthodox Congregational Society of Middleville, in the name of 'The Trustees of the Orthodox Congregational Church of Middleville,' is not such a misnomer as to invalidate the mortgage, where the identity of the society intended is clearly proved; the great object of a corporate name, like that of an individual, is to identify the corporation, which may be known by several names, as well as a nat-

ural person; and parol evidence of identity is admissible."
And in *Bank* v. *Distillery Co.*, 41 W. Va. 530, (Syl. point
4), it is held: "The name of a corporation is not the only
means of identity. If some words be added, omitted, or
changed in the spelling, in the true name of the corporation,
this is not a fatal variance, if there be enough to distinguish
it from other corporations, and to show that the corporation
suing or being sued was the one intended." *Porter* v. *Ne-
kervis*, 4 Rand. 359; *Agricultural Society* v. *Diggs*, 6 Rand.
165. In the last named case it is held: "Corporations must
sue in their true names; but contracts may be made by or
with them, by a mistaken name if the mistake be only in
*syllabis et verbis*, and not in *sensu et reipsa.*"

The decree complained of is reversed and annulled and the
cause remanded to the circuit court of Taylor county there
to be further proceeded in.

*Reversed and Remanded.*