# CHARLESTON.

## L. G. TONEY, ASSIGNEE ETC., V. SANDY RIDGE COAL AND COKE COMPANY.

Submitted April 15, 1919.   Decided April 22, 1919.

1. JUDGMENT—*Former Adjudication—Judgment Nil Capiat.*

   An order dismissing an action on the motion of the plaintiff and purporting to be a judgment of *nil capiat,* is ambiguous on its face, and, therefore, does not of itself sustain a plea of former adjudication, but the record of the case in which it was entered may be considered in the ascertainment of its meaning and effect.   (p. 38).

2. SAME—*Former Adjudication—Adjudication on Merits.*

   If such record, when produced, shows nothing more than pleadings producing an issue untried and undetermined, at the date of the dismissal, it does not strengthen the order nor justify an interpretation making it an adjudication on the merits.   (p. 38).

3. SAME—*Res Judicata—Determination of Merits.*

   A cause of action set up in a subsequent suit is not *res judicata* by a judgment or order entered in a former action for the same cause, unless such judgment or order determined such cause on its merits actually or constructively.   (p. 38).

4. SAME—*Dismissal—Nil Capiat—Retraxit.*

   Such an order of dismissal as that above described does not amount to a *retraxit,* because it does not import intent to release the defendant and because it was procured or assented to by the plaintiff, through his attorney, without disclosure of specific authority in the attorney to enter a *retraxit.*   (p. 38).

5. CONTRACTS—*Partial Breach—Waiver.*

   Partial breaches of a contract are waived by partial performance thereof, after such breaches, in so far as they may constitute good ground for refusal of the injured party to perform it further and right in him to treat the entire contract as broken and sue for damages.   (p. 38).

6. SAME—*Partial Breach—Modification—Waiver.*

   If, after such breaches, the parties meet and modify the contract, mutually forgive the previous breaches and agree to perform the contract in the future, as modified, neither can recover damages for such breaches.   (p. 38).

7. SAME—*Action for Breach—Direction of Verdict.*

 If, in such case, the evidence of breaches of the modified contract by the defendant is full, clear and definite, and that of breaches by the plaintiff so slight and indefinite that a verdict could not be permitted to stand upon it, the trial court may prop‑ perly direct a verdict for the plaintiff. (p. 38).

8. NEW TRIAL—*Grounds—Instruction—Harmless Error.*

 A clearly harmless inaccuracy in the statement of the measure of damages, found in an instruction, is not sufficient ground for the setting aside of a verdict. (p. 38).

9. APPEAL AND ERROR—*Harmless Error—Measure of Damages—* the setting aside of a verdict. (p. 40).

 If, in an action for breaches of a contract of sale of a com‑ modity, by the purchaser, the proof shows the market price thereof and the price at which he could have sold it were identical, it is not reversible error for the court to instruct the jury that he may recover the difference between the contract price and what he could have sold it for. (p. 40).

Error to Circuit Court, Mercer County.

Action by L. G. Toney, assignee and substituted plaintiff,. against the Sandy Ridge Coal & Coke Company. A verdict for plaintiff was set aside, and plaintiff brings error.

      *Reversed and judgment rendered.*

*Geo. L. Dillard* and *Russel S. Ritz,* for plaintiff in error.
*Sanders, Crockett & Kee,* for defendant in error.

POFFENBARGER, JUDGE:

The purpose of this writ of error is reversal of a judgment, setting aside a verdict for $17,583.36, returned in an action of assumpsit for the recovery of damages for alleged breaches. of a contract of sale of coal by a coal producing company to. a firm of coal brokers, agents or dealers. The issues arose on pleas of .former adjudication and non-assumpsit and the court gave two instructions which amounted to a direction to. find for the plaintiffs; but, for some reason not indicated by anything in the record, a motion to set aside was sustained. The plaintiffs below assigned their claim to L. G. Toney, after the writ of error was allowed, and he has been substituted. for them here.

By the original contract, dated, February 16, 1916, the.

defendant obligated itself to furnish the plaintiffs twenty carloads of run of mine coal, per month, at $1.05 per ton of 2,000 lbs., f. o. b. at Honaker, Virginia, beginning April 1, 1916, and it was made automatically renewable each year, after April 1, 1917, unless terminated at the end of a year, by ninety days notice in writing, of intention or desire so to terminate it. Under it, twelve cars were furnished in April, 1916, eighteen in May and eleven in June. Witnesses for the plaintiffs say the defendant broke its contract in those months, by failure to deliver coal demanded of it. On the other hand, a witness for the defendant swears more coal was furnished or tendered than the plaintiffs would accept. The agreement was modified, June 27, 1916, by a written memorandum, so as to reduce the quantity to be furnished from twenty to ten cars per month, and the defendant then furnished, and plaintiffs accepted, two cars in July, three in August and three in September and none thereafter. At no time was any notice given by either party of intention to decline further performance of the contract by reason of· breaches thereof by the other, or intention to terminate it at the end of the first year.

On a date prior to May 28, 1917, not disclosed by the record, the plaintiffs instituted an action of assumpsit against the defendant, in Russell County, Virginia, for breach of the contract, which was dismissed, February 9, 1918, by entry of the following order: "This day came the parties, by their attorneys, and upon motion of the plaintiff this cause is dismissed from the docket it is therefore considered by the court that the plaintiff take nothing by its bill but for its false clamor be in mercy and etc. and that the defendant recover of the plaintiff its costs about its defence in this behalf expended:" and that order and the record of the action were relied upon to sustain the plea of former adjudication. The record introduced unequivocally discloses lack of any trial of the issue made up in the case. It consists of the declaration; an order filing a plea of non-assumpsit and showing a joinder of issue thereon, demands of both sides for statements of the particulars of the grounds of action and defense and an agreed continuance; and statements of

particular grounds of defense. The terms of the order relied upon disclose ambiguity on its face. They say the action was dismissed on the motion of the plaintiffs and also that the plaintiffs took nothing by their bill. But for the dismissal on motion, the judgment of *nil capiat* might signify an adjudication on the merits, but the words indicating a voluntary dismissal carry a directly opposite and antagonistic meaning. Considered as a whole, therefore, the order is ambiguous, and such an order does not sustain a plea of *res judicata. Laing* v. *Price*, 75 W. Va. 192; *Foster* v. *Busteed*, 100 Mass. 409; *Griffin* v. *Seymour*, 15 Ia. 30; *Kleinschmidt* v. *Binzel*, 14 Mon. 31; *Hoover* v. *King*, 65 L. R. A. 790; Herman, Est. & Res Judicata, p. 474, sec. 404; Van Fleet, Form. Adj. p. 667, sec. 309. Recourse to the record, justified by the uncertainty of the order, *Laing* v. *Price*, cited, puts lack of a judgment upon the merits beyond question, and such a judgment is essential to the defense under consideration. *Poole* v. *Dilworth*, 26 W. Va. 583; *Laing* v. *Price*, cited; *Hughes* v. *United States*, 4 Wall. (U. S.) 232; 15 R. C. L. p. 955; 1 Bar. L. Pr. 2nd. Ed. 534; 4 Min. Inst. 719. It proves there was no trial of the issue joined. Dismissal of a suit by plaintiff's order is no bar to another for the same cause of action. *Coffman et als.* v. *Russell*, 4 Munf. 207; *Muse* v. *Farmer's Bank*, 27 Gratt. 257; *Portsmouth etc.* v. *Oliver Refining Co.*, 69 S. E. (Va.) 958.

Nor can this order operate as a *retraxit* precluding another action for the same cause. The plaintiffs appeared on that occasion, the order says, by their attorneys. An attorney's general authority to represent his cleint in litigation confers no power to enter a *retraxit.* For that he must have special authority. *Forest Coal Co.* v. *Doolittle*, 54 W. Va. 210; citing numerous authorities. Moreover, the terms of the order do not import any intention to release the defendant from liability.

The state of the evidence amply justified the direction of a verdict for the plaintiffs. Such breaches of the contract as they may have committed before June 27, 1916, if any, were waived, in so far as they constituted ground for refusal of further performance on the part of the defendant,

by the modification of the contract made on 'that date. It necessarily implied an agreement to continue performance of the contract as then altered in respect to the amount of coal to be delivered monthly. It is insusceptible of any other interpretation. The plaintiffs proved that, after that date and throughout the months of July, August, September, October, November and part of December, frequent repeated, and, generally, daily demands were made upon the defendant for the coal contracted for, resulting in the acquisition of only eight cars, two in July, three in August and three in September. Finding them unavailing and useless, the plaintiffs discontinued them in December, but nothing in their conduct indicated intention to release the defendant from its contract. The course they pursued, as proved by their evidence, precludes the possibility of any breach of the modified contract on their part; and the defendant adduced practically no evidence to establish it. Its sole witness respecting that feature of the case says, in one place, he does not remember that it made any offers of coal in July, August, September or November, and that it ceased to furnish coal or to offer it and demand acceptance, after June, 1916, because it had had previous trouble in making deliveries. In other places, he says his demands did not altogether cease with the month of June, that he occasionally made demands after that and that he "practically quit" about August. He specifies no instance of a demand after June, 1916. This evidence is so indefinite and contradictory that a verdict could not stand on it, wherefore it did not preclude the right of the court to direct a verdict for the plaintiffs. *Ritz* v. *Wheeling,* 45 W. Va. 262; *Klinkler* v. *Wheeling,* 43 W. Va. 219; *Wandling* v. *Straw,* 25 W. Va. 692; *Hoge* v. *O. R. R. Co.,* 35 W. Va. 562. Besides, any breach in July or August was waived by recognition of the contract in September, three cars of coal having been delivered in that month. *Ashland Coal & Coke Co.* v. *Hull Coal & Coke Co.,* 67 W. Va. 503.

No damages for breaches of the contract committed prior to the date of modification of the contract could properly be allowed to either party. Beamer swears, in effect, that they

mutually forgave past offenses at that time and readjusted the contract with reference to conditions that had rendered it partially inoperative in its original form, and his testimony as to this transaction is uncontradicted. There is no data in the evidence of the defendant justifying any allowance of damages to it after June, 1916. No witness swears to a single car of coal offered and not accepted, after that date. The plaintiffs prove demands for all the coal contemplated by the modified contract, until long after the defendant had ceased to furnish any at all, and the market prices of coal in each month for which recovery of damages is sought. Hence, there was ample data in their evidence for a direction by the court, as to the quantum of damages, as well as the right of recovery, but the instructions left the actual assessment of the damages to the jury, under a rule they prescribed.

The measure of damages was not accurately stated. The jury were told the plaintiffs were entitled to recover the difference between the contract price and what they could have received for the coal, if it had been furnished, instead of the difference between the contract price and the prices at which they could have obtained it from other sources. But, in this instance, the market prices, at which they could have obtained it and the prices at which they could have sold it were, according to the proof, identical, wherefore, the error was plainly harmless.

These conclusions substantially cover all of the assignments of error insisted upon in the briefs. There are some others that may be regarded as having been abandoned. At any rate, they are not well founded.

For the reasons stated, the judgment complained of will be reversed, the verdict reinstated and judgment entered thereon.

*Reversed and judgment rendered.*