# CHARLESTON.

WILLIAM MITCH v. UNITED MINE WORKERS OF AMERICA.

Submitted September 28, 1920.   Decided October 5, 1920.

1. JUSTICES OF THE PEACE—*Plea Denying Partnership or Corporate Existence Not in Abatement, but Defensive.*

   A plea or affidavit denying a partnership or the corporate existence of defendant filed in a suit pending in a justice's court, is not a plea in abatement, but a defensive plea, and may be interposed at any time before trial.   (p. 122).

2. CORPORATIONS—*Former Law Required Plaintiff, Making a Corporation Defendant, to Prove its Existence.*

   Prior to the enactment of section 41 of chapter 125 of the Code in 1882, plaintiff was required under the general issue to prove the fact of the existence of the corporation, as a condition of recovery in the action.   (p. 122).

3. JUSTICES OF THE PEACE—*Appearance and Motion for Continuance Held Not to Preclude Denial of Corporate Existence.*

   Appearance by defendant before a justice on the return day of the writ and moving a continuance to a later day, on which later day appearance is again made and plea and affidavit filed denying the corporate existence of defendant, will not estop defendant to make the defense interposed by such plea and affidavit.   (p. 125).

87 W. Va.

4. Same—*Appeal and Trial De Novo Held Not to Estop Defendant from Denying Corporate Existence.*

   Nor will an appeal by such defendant, from the judgment of a justice to the circuit court, where a trial is had *de novo* on the pleadings before the justice, estop defendant from denying the existence of the corporation and making the defense interposed by the plea or affidavit putting the same in issue. (p. 125).

5. Corporations—*On Issue as to its Corporate Existence, Defendant's Appearances and Appeal Bond Held Not Prima Facie Evidence Thereof.*

   On the trial of the issue on such plea or affidavit, such appearances as are recited in the foregoing points and the appeal bond not signed or sealed by defendant with its corporate seal, together will not constitute *prima facie* evidence of corporate existence. (p. 124).

6. Associations—*Judgments—Action Held Properly Dismissed for Want of Evidence of Defendant's Corporate Existence; Dismissal for Failure to Show Corporate Existence Not Bar to New Suit Against Proper Parties.*

   Where in such suit none of the members of a voluntary association are impleaded, it is not error to dismiss the action for want of evidence of the corporate existence of the defendant. Plaintiff is not thereby concluded by the judgment from bringing a new suit and impleading the proper parties. (p. 125).

   (Williams, President, absent.)

   Error to Circuit Court, Taylor County.

   Action in justice court by William Mitch against the United Mine Workers of America. Judgment for plaintiff in the justice court, and defendant was allowed an appeal to the circuit court, and from its judgment, after a trial *de novo,* dismissing the action and awarding defendant a judgment for costs, plaintiff brings error.

                                                    *Affirmed.*

   *Warder & Robinson,* for plaintiff in error.
   *John G. St. Clair,* for defendant in error.

Miller, Judge:

   In an action begun by plaintiff against defendant as a corporation, the summons, according to the return of the officer,

was attempted to be executed by delivery of a copy thereof to Dewey Kelley, president of the local union at Rosemont in Taylor County, W. Va., February 27, 1919.

On the return day, March 4, 1919, the justice's docket shows that plaintiff appeared *in person* and by attorney, and also appearance by defendant *in person* and by J. Gran St. Clair, their attorney, and that a continuance was had on affidavit of defendant and agreement of the parties, to March 12, 1919; that on March 12, 1919, plaintiff appeared in person and by attorney, and that defendant also appeared in person of Dewey Kelley, its president of the local union, and by J. Gran St Clair, its attorney, and filed a plea and affidavit that defendant was not a corporation, and moved dismissal of the case, which motion was overruled; that thereupon defendant by its attorney pleaded that defendant did not owe defendant anything, and moved the justice to quash the summons and return, which motion was overruled; that a trial was had on the evidence of plaintiff, the defendant offering no defense, and judgment was given thereon for plaintiff for one hundred and fifty dollars with interest and costs.    From this judgment an appeal was allowed defendant to the circuit court.

In the circuit court defendant interposed the same pleas as before the justice, including the plea and affidavit denying the existence of such corporation, and renewed the motion to quash the summons and the return of the officer thereon, which motion was overruled; and plaintiff's motion to reject defendant's plea denying the corporation was also overruled.

On the trial before the jury plaintiff moved the court to allow him to prove the case on the merits before the same jury, at the same time the case was being tried on defendant's plea and affidavit denying the corporate existence of defendant, which motion on objection by defendant was overruled, and the trial was limited to the issue on the plea and affidavit. At the conclusion of plaintiff's evidence, the court on motion of defendant struck out the evidence and directed a verdict for defendant; and a verdict was rendered accordingly, which plaintiff moved the court to set aside and grant him a new trial; and he also renewed his motion to be allowed to prove his case

on its merits *non obstante veredicto,* both of which motions were overruled. Thereupon, on motion of defendant, resisted by plaintiff, the court dismissed plaintiff's action and awarded defendant judgment for costs against him.

Several points of error are urged on behalf of plaintiff for reversal. The first assumes that defendant's plea denying the corporate existence of defendant was a plea in abatement, and that it came too late, wherefore, he contends the court below should have sustained his objection thereto as well as his motion to strike the plea from the record, and that defendant was estopped to deny the existence of the corporation. The statute, section 41 of chapter 125 of the Code, allows the defense of no partnership or the non-existence of a corporation to be made by special plea or simply by affidavit denying the same. Either method will put the fact in issue, and the plaintiff can not then proceed on the merits without proof of the fact of such partnership or the existence of such corporation. The statute imposes no time limit on the defendant within which he is required to file his plea or affidavit, either in the justice's court or in the circuit court on appeal. On appeal from the judgments of justices of the peace the trial is *de novo,* and may be either on the pleadings there filed or upon new pleadings made up in the appellate court. *Cook* v. *Continental Casualty Co.,* 82 W. Va. 250. So we conclude there is no merit in the point that the plea and affidavit were filed too late.

Prior to this statute, enacted in 1882, plaintiff under the general issue, as a condition of success, was bound to prove these facts without denial by defendant. The effect of the statute was simply to relieve plaintiff of the burden of proof, unless the fact was denied by plea or affidavit. *Anderson* v. *Kanawha Coal Company,* 12 W. Va. 526; *Central Land Company* v. *Calhoun,* 16 W. Va. 361; *Hart* v. *Ballo. & Ohio Railroad Company,* 6 W. Va. 336.

But was defendant estopped in any way from denying its corporate existence? Did the fact that on the return day of the writ, served not on the defendant as a corporation, but upon Dewey Kelley as president of the local union, defendant appeared by attorney and moved a continuance, work an es-

toppel on it to deny its corporate existence? Undoubtedly defendant by such appearance submitted itself to the jurisdiction of the court, but to what extent? Certainly not to the extent of denying itself the right to plead or defend the action, nor to deny that it was a corporation. The appearance simply amounted to a waiver of service of process upon defendant impleaded. If, as the fact is, the defendant named is a voluntary association of individuals and not an incorporated company, the appearance of an attorney for such association, in the absence of some statute controlling the subject, and without process on the individuals or appearance by them in the action, would not confer jurisdiction on the court to pronounce judgment against any of the individuals not named or for whom no appearance was made. *Simpson and Smith* v. *Grand International Brotherhood of Locomotive Engineers,* 83 W. Va. 355.

Another point urged is that the taking of the appeal waived proof of its corporate existence and bound defendant; and for the proposition 10 Cyc. 1347 is cited and relied upon. That book says that if a defendant is sued as a corporation and makes no appearance until judgment is rendered against it, but appeals from such judgment to a higher court, its appearance for the purpose of taking an appeal will have the effect of admitting its existence as a corporation, and the defense that it was not a corporation will not be availing in the appellate court. If this be good law, our answer is that in this case defendant did appear, not only in the justice's court, but in the circuit court, where the trial was *de novo,* and put the fact of its incorporation in issue by plea and affidavit, and rested in both courts on the failure of the plaintiff to prove the fact. This it might do and thereby alone defeat recovery until the facts denied were proven by plaintiff, on whom the burden was thereby cast. Another authority cited is 3 Enc. Evidence, 613, where it is said: "In an action against an association as a corporation, the appearance by it, under a name importing a corporation, is an admission by it that it is in fact a corporation." This rule of evidence, however, is not applicable, for defendant entered no appearance in a name importing corpor-

ate existence; besides, the fact of its incorporation was thereby put in issue by plea and affidavit, as the statute says it may be, when the burden is put upon plaintiff to prove the fact. The case here is controlled by our statute on this subject.

The only other question of merit, and which comprehends all but two of the other errors assigned and relied on, is whether plaintiff on the trial proved the incorporation of defendant. He undertook to do so alone by introducing the record showing appearance by counsel and the appeal bond executed by or on behalf of defendant. The question is, was a *prima facie* case made out thereby? We think the evidence failed to make a *prima facie* case. So far as the appearances are concerned we have already disposed of them, holding that defendant did nothing, in view of its plea and affidavit denying corporate existence, to estop itself. And we find by reference to the appeal bond as shown in evidence, that it was not executed under the seal of the defendant as a corporation or otherwise; the name of the defendant is not subscribed to the bond; it is signed only by D. L. Kelley, Ira Markes and E. K. Way. There is copied into the record a bond which has above the names of these parties the name "United Mine Workers of America," and after it "(Seal)," but the seal does not purport to be the corporate seal; it is not acknowledged by anyone, nor does it purport to be signed by an officer on its behalf with authority to execute such bond; and it is not the bond introduced in evidence and made a part of the record by the bill of exceptions and certificate of evidence. We can not look to the bond as evidence of an admission by defendant of corporate existence, and without this there is absolutely no evidence showing the fact of such corporation. If the appeal bond had been signed on behalf of the defendant, and sealed with its corporate seal, given as it would then have been in the same proceeding, it might have amounted at least to *prima facie* evidence of the fact of incorporation. *Anderson* v. *Kanawha Coal Company, supra,* we think so holds. The record before us does not present any evidence of corporate existence, and in our opinion the court correctly ruled that the evidence was not sufficient to justify a verdict in plaintiff's favor. Wherefore, plaintiff, if he had been

allowed to introduce his evidence on the merits, would not have been permitted to recover, and was not prejudiced by the refusal of the court below to try the case on the other issues.

Lastly, it is urged that it was error to dismiss plaintiff's suit without giving him an opportunity to amend, and if possible acquire jurisdiction to obtain judgment against the members of defendant association, if he desired to do so. In the case of *Simpson* v. *Grand International Brotherhood etc., supra,* where the plaintiff had impleaded some of the members of the organization, we did remand the case for that purpose. Here, however, none of the members of the association were sued, and plaintiff is not estopped by the judgment from instituting a new suit and bringing in all or as many as he can.

A question is made about the judgment below in favor of defendant for costs. The judgment we thing is void. Defendant was not a corporation and defended on that ground. Wherefore it was not entitled to a judgment for costs. The judgment should be corrected accordingly, and as so corrected it will be affirmed.

*Affirmed.*