GEORGE EFTHEMES

*v.*

E. M. CROUCH

(CC 800)

Submitted January 27, 1953. Decided February 24, 1953.

*Scherer, Bowers and File, L. L. Scherer* and *Clay S. Crouse,* for plaintiff.

*Ashworth & Sanders and Carl C. Sanders,* for defendant.

RILEY, JUDGE:

In this action of trespass on the case in assumpsit based upon the common counts, instituted by George Efthemes against E. M. Crouch in the Circuit Court of Raleigh County, the circuit court sustained plaintiff's demurrer to "Defendant's Plea No. 1"; overruled the separate demurrers to the "Amended and Supplemental Plea of E. M. Crouch", and to "Defendant's Plea of Res Judicata", and, over defendant's objection, filed plaintiff's general replication to defendant's amended and supplemental plea and the plea of *res judicata,* and certified its action to this Court. In overruling the demurrers to the amended and supplemental plea and the plea of *res judicata,* the court held that these pleas were a bar to this action.

In the prior action of George Efthemes, doing business as George E. Efthemes Construction Company, against the defendant in this action, E. M. Crouch, of trespass on the case in assumpsit, in which the plaintiff sought damages in the amount of twenty thousand dollars for breach of contract, the plaintiff filed his declaration in the office of the Clerk of the Circuit Court of Raleigh County on April 14, 1950, at May rules. The declaration in that action alleged that on April 12, 1949, in the City of Wheeling the plaintiff and defendant

entered into an agreement whereby plaintiff agreed to perform and complete certain work in the construction of a warehouse, to be erected in Wheeling at a cost of $65,286.00, which agreement, the declaration alleged, provided that plaintiff would furnish the materials necessary to complete the proposed construction, except the materials and labor necessary to do the electrical, heating and plumbing work, which materials and labor, it is alleged, the defendant agreed to furnish; and that thereafter the terms of the agreement of April 12, 1949, were modified in such manner that it was the agreement and undertaking between plaintiff and defendant that plaintiff would also furnish the materials and· labor necessary to do the electrical, heating and plumbing work, which materials the plaintiff agreed to purchase from Sears, Roebuck & Company, it being alleged that plaintiff was to receive the total sum of $69,799.80 for the completion of the building.

The declaration filed in the prior action further alleged that the parties agreed that the defendant would advance money for the purchase of the materials proposed to be used in the construction and for the necessary labor as the work progressed, it being agreed that the payments were to be made on the first day of each month, except that defendant was to withhold ten per cent of the cost of the materials and labor until the work was completed; and that the construction was to be done according to a set of plans and specifications furnished to plaintiff by defendant and drawn and made up by a named civil engineer of the City of Beckley, which plans and specifications are dated January and February, 1949, respectively. It was also alleged that after the agreement was entered into between the parties, the plaintiff at the instance and request of the defendant undertook to perform and fulfill the agreement, as modified; and that the plaintiff always from the time of the making of the agreement of April 12, 1949, performed and fulfilled his part of the agreement and commenced the work contemplated by said agreement and for that purpose procured

the materials and labor necessary to perform the same, and has always been ready and willing to perform and complete the work, in pursuance of the agreement, of all of which defendant had notice.

The declaration in the prior action alleged that the defendant breached the agreement of April 12, 1949, by failing and refusing to perform the agreements and thereby "craftily and subtly deceived" plaintiff in that defendant did not and would not advance money in cash to plaintiff, as agreed, but refused to do so; and afterwards stopped plaintiff from proceeding with the construction, and hindered and prevented him from completing the work and later discharged plaintiff from any further performance and completion of the agreement. And, finally, the declaration alleged that "* * * whereby the said plaintiff has lost and been deprived of profits and advantages in which he otherwise might have, and would have, acquired from the completion of said work, and was deprived of other profits and advantages from other jobs had he not been so occupied and delayed by the defendant, and has also lost by reason thereof divers sums of money which he expended in and about the said undertaking and promises."

To the declaration in the prior action the defendant pleaded the general issue and filed a plea and "notice of set-off, recoupement and counterclaim", which alleged that defendant would ask judgment against plaintiff in the total amount of $16,212.77, together with interest thereon until paid, "arising out of the failure by said plaintiff to execute that certain alleged contract dated on or about the 12th day of April, 1949,"; the failure of plaintiff to give bond, as required in the bid proposal; and plaintiff's action in preventing defendant from constructing the warehouse, arising from the threatened filing of a notice of mechanic's lien against the real estate which was to be conveyed to defendant by reason of the option between defendant and the owner thereof, and thereby defendant was prevented, so the plea and "notice

of set-off, recoupement and counterclaim" allege, from taking the real estate in his own name and constructing the warehouse thereon, which it is alleged, caused damage to the defendant as set forth in the statement of account incorporated in the plea and notice of set-off, recoupement and counterclaim.

In the prior action an order was entered on September 21, 1951, which recited that the action having proceeded to a jury trial, and plaintiff having almost reached the point of resting his case, he moved for permission to amend his declaration by asserting the common counts in assumpsit, which motion, the order recited, the court denied, and indicated to counsel for plaintiff that under the evidence, which had been introduced, the court would be inclined to sustain a motion, if made, after plaintiff had rested his case, to strike the plaintiff's evidence, and direct a verdict for defendant. This order further recited that the court sustained, over defendant's objection, a motion that plaintiff be permitted to take a nonsuit, and the court then ordered the jury discharged from further consideration of the action.

This order of September 21, 1951, ordered that plaintiff take nothing in the action; that he be nonsuited therein; and that defendant go hence without day and recover from the plaintiff his costs. The order further sustained defendant's motion to strike the affidavit and quash the order of attachment theretofore filed and issued, and ordered that the attachment issued therein be quashed with costs to plaintiff.

Thereafter plaintiff herein instituted the instant action of trespass on the case upon the common counts in assumpsit. To plaintiff's declaration and bill of particulars herein, the defendant, as heretofore indicated, filed his plea No. 1, his amended and supplemental plea, and the plea of *res judicata*. The court, having sustained plaintiff's demurrer to defendant's plea No. 1 and overruled the demurrers to defendant's amended and supplemental plea and plea of *res judicata*, filed, over defend-

ant's objection, plaintiff's replication to the pleas, and, on its own motion, certified its rulings here.

The certified questions are: (1) Did the circuit court commit error in ruling that defendant's plea No. 1 was insufficient in law; (2) did the circuit court err in ruling that defendant's amended and supplemental plea and defendant's plea of *res judicata* were sufficient in law to defeat plaintiff's action; (3) did the circuit court err in ruling that the plaintiff was entitled to file his replication in writing to defendant's supplemental and amended plea and defendant's plea of *res judicata*, and in overruling defendant's motion to strike said replication to each of said pleas from the record; and (4) did the circuit court commit error in ruling that defendant's plea of *res judicata* and the amended and supplemental plea of defendant were bars to this action?

The defendant in the former action having filed a counterclaim before the entry of the judgment of nonsuit, it was error for the trial court to enter the judgment of nonsuit, for a nonsuit cannot be taken if the defendant has filed a counterclaim, or it is clear that his rights will be prejudiced by the nonsuit. 6 M. J., Dismissal, Discontinuance and Nonsuit, Section 31; Burk's Pleading and Practice, 3d ed., Section 110; *Commonwealth Pipe & Supply Co.* v. *Nitro Products Corp.*, 95 W. Va. 13, syl., 120 S. E. 174; *McLean* v. *McDonald,* 173 N. C. 429, 95 S. E. 148. See generally Head, The History and Development of Nonsuit, 27 W. Va. L. Q. 21; 17 Am. Jur., Dismissal and Discontinuance, Section 64; and the well considered annotation contained in 90 A. L. R. 384, to the case of *Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179, 25 P. 2d 983. In the syllabus to the *Commonwealth Pipe & Supply Company* case, this Court held: "Plaintiff in an action at law has the right to suffer a voluntary nonsuit at any time before the jury retires from the bar, or at any time before the case has been submitted for decision to the court, sitting in lieu of a jury; unless defendant has filed a counter claim or it is clear that his

rights would be prejudiced by the nonsuit, excepting, of course, the ordinary inconveniences to which he would be subjected by another suit."

And though the defendant is prejudiced in the event that future litigation follows the nonsuit, the prospect of such future litigation rendered possible by the nonsuit is not such prejudice to defendant as to prevent plaintiff from further litigating the same cause of action. 6 M. J., Dismissal, Discontinuance and Nonsuit, Section 31; *Stone* v. *Kaufman*, 88 W. Va. 588, 107 S. E. 295; *Commonwealth Pipe & Supply Co.* v. *Nitro Products Corp., supra.*

It follows that the voluntary nonsuit, which the plaintiff took in the prior action, should not have been permitted, and, though defendant objected to plaintiff's motion that he be permitted to take a nonsuit, which motion the trial court overruled, no exception was taken to the trial court's ruling. "Where a voluntary nonsuit should not have been permitted, but no exception is taken in the trial court, the objection made in the appellate court is too late." 6 M. J., Dismissal, Discontinuance and Nonsuit, Section 31; *Gemmell, Inc.* v. *Svea Fire & Life Ins. Co.*, 166 Va. 95, 184 S. E. 457.

The order of nonsuit entered in the prior action, though erroneous, has the same effect as though defendant had filed no counterclaim.

At this point, and in the light of this holding, it becomes necessary to consider the rulings of the trial court in sustaining the demurrer to defendant's plea No. 1, and in overruling the demurrers to the amended and supplemental plea and the plea of *res judicata.*

Defendant's plea No. 1 in several particulars alleges that (1) plaintiff did not accept the defendant's offer in the terms as set forth in the written bid proposal, including the plans and specifications, in that the plaintiff, in accepting the low bid for the construction of the warehouse, did not enter into a written contract with the de-

fendant in accordance with the conditions of the written proposal; and (2) he failed to furnish to defendant a bond acceptable to the defendant guaranteeing the faithful performance of the contract against loss by reason of any lien. This plea is a plea in bar, which sets forth matters which may be proved under the general issue. That, however, in our opinion, does not render the plea demurrable.

The trial court's ruling in sustaining the plaintiff's demurrer to defendant's plea No. 1 is reversed.

The amended and supplemental plea and the plea of *res judicata* alleged that the order of nonsuit entered in the prior action constitute a bar to the instant action. On this basis the circuit court overruled the demurrers to these two pleas, and the rulings in this regard are likewise reversed. In the Virginias "The only effect of a judgment of nonsuit is to put an end to the pending suit, without precluding another for the same cause of action." 6 M. J., Dismissal, Discontinuance and Nonsuit, Section 33. And a judgment of nonsuit is not *res judicata*. 6 M. J., Dismissal, Discontinuance and Nonsuit, Section 30; Burk's Pleading and Practice, 3d ed., Section 310; *Buena Vista Freestone Co.* v. *Parrish,* 34 W. Va. 652, 12 S. E. 817; *Henry* v. *Ohio River Railroad Co.,* 40 W. Va. 234, 21, S. E. 863; *Gemmell, Inc.* v *Svea Fire & Life Ins. Co., supra.*

Inasmuch as the rulings of the trial court in overruling the demurrers to the amended and supplemental plea and the plea of *res judicata* are reversed, the question whether the trial court erred in overruling defendant's motion to strike plaintiff's replication is moot.

For the foregoing reasons the rulings of the Circuit Court of Raleigh County are reversed.

*Rulings reversed.*