ALLEN P. JOHNSON

*v.*

HUNTINGTON MOVING AND STORAGE, INC.

ALLEN P. JOHNSON

*v.*

JAMES J. GOODE, *dba* HUNTINGTON MOVING & STORAGE, *et al.*

ALLEN P. JOHNSON

*v.*

JAMES J. GOODE, *et al.*

(No. 13781)

Decided November 22, 1977.

William D. Levine, Marshall & St. Clair, for appellant.

Menis E. Ketchum, Greene, Ketchum & Mills, for appellees.

MILLER, JUSTICE:

These three cases from the Circuit Court of Cabell County have been consolidated for purposes of appeal. The first two cases represent unsuccessful attempts to collect on a judgment obtained in the State of Ohio.

Their dismissal was occasioned by the trial court's concluding they were brought against the wrong defendant. The third suit was dismissed on the basis that the dismissals of the two prior actions were res judicata. We reverse all three orders of dismissal.

On May 19, 1975, the plaintiff Johnson obtained a judgment of $2,728.17, in the Franklin County Municipal Court of Columbus, Ohio, against "Huntington Moving & Storage, dba Columbus Household Movers" for rent due and damages done to certain real estate in Columbus, Ohio.

Suit was then filed in the Circuit Court of Cabell County by Mr. Johnson to collect on the judgment. The defendant named in the caption of the complaint was "Huntington Moving & Storage, Inc., a corporation." The suit recited that plaintiff had obtained a judgment against the defendant. Attached to the complaint was an authenticated copy of the Ohio judgment order.

A motion to dismiss was filed by the defendant, Huntington Moving & Storage, Inc., in which it claimed that the Ohio judgment was not against it but against Huntington Moving & Storage, dba Columbus Household Movers. Defendant also claimed that it had not been served with process in the Ohio action.

Plaintiff filed a lengthy affidavit with supporting exhibits in opposition to the defendant's motion to dismiss, stating that Huntington Moving & Storage, dba Columbus Household Movers, appeared by counsel and defended the Ohio suit. Among the attached exhibits was a letter written on defendant's stationery by James J. Goode, President of Huntington Moving & Storage Company, to plaintiff Johnson regarding rent due plaintiff. Moreover, certain rent checks from "Huntington Moving & Storage" which had been signed by James J. Goode and made payable to plaintiff were attached to the affidavit. One of these checks identified the rental property as 27 West Jenkins Avenue, Columbus, Ohio.

Pleadings from the Ohio suit were also attached to plaintiff's affidavit, as well as correspondence which in-

dicated that property at 27 West Jenkins was invovled in the Ohio suit. Based on the affidavit and exhibits, plaintiff moved for summary judgment.

The defendant then filed the affidavit of James J. Goode, in support of its motion to dismiss, which stated:

"... that he is President of Huntington Moving & Storage Company, a corporation; that the proper name of his corporation is not listed correctly in the Summons or Complaint in this action; that the corporation, Huntington Moving & Storage Company, a corporation, was not served with process in the suit in Ohio set forth in the complaint in this action, and this corporation did not appear in this action; and further affiant saith not."

After a hearing on the motions the trial court denied plaintiff's motion for summary judgment and granted the defendant's motion to dismiss, stating in a short memorandum:

"The file does not indicate any service of process upon the West Virginia corporation with regard to the Ohio case and, in fact, as stated above, no judgment was ever rendered against the West Virginia corporation."

The trial court made no finding as to the correct name of the corporation or whether the various corporate names appearing in the record were names used by defendant in its business affairs.

We begin with the proposition that this was a suit to enforce a judgment obtained in a sister state in a court of record. Under the Full Faith and Credit Clause of the Constitution of the United States, Article IV, Section 1, such a judgment is to be recognized as binding unless it can be shown that the foreign court lacked jurisdiction to render the judgment or that it was procured through fraud. *Christmas v. Russell*, 72 U.S. 290, 18 L. Ed. 475 (1866); *Aldrich v. Aldrich*, 147 W. Va. 269, 127 S.E.2d 385 (1962), *reversed on other grounds*, 378 U.S. 540, 12 L. Ed.

2d 1020, 84 S. Ct. 1687; *Perkins v. Hall*, 123 W. Va. 707, 17 S.E.2d 795 (1941), and cases therein cited.

Defendant's motion to dismiss was based on the fact that the judgment in the Ohio action was not against Huntington Moving & Storage, Inc., a corporation. The affidavit filed in support of its motion to dismiss revealed that the correct name of defendant corporation was Huntington Moving & Storage Company. Defendant's affidavit also stated that this corporation was not served with process in the Ohio action and did not appear in that action. If Huntington Moving & Storage Company had not been served with process and did not appear, then the Ohio court would not have had jurisdiction to render the judgment under the foregoing law. On the other hand, if process was served on Huntington Moving & Storage Company or if not served or served improperly and it appeared, then it cannot be heard to complain even if it was identified in the Ohio action by a name other than its true name.

Plaintiff's affidavit asserts that defendant was the same party as the defendant in the Ohio action; that process was served on defendant in Ohio; and that defendant appeared and defended in the Ohio law suit. Plaintiff's exhibits show that a corporation bearing a name similar to defendant's appeared and defended in the Ohio action. The name of the president of the company sued in the Ohio action is the same name as that in defendant's affidavit. Moreover, the address of the company sued in Ohio is identical to defendant's address. Plaintiff's affidavit and exhibits would indicate that a misnomer was used in the Ohio action.

A misnomer means nothing more than a party is styled in other than his correct name. The law has never regarded this as a serious procedural problem and amendments were freely permitted to correct a name. *Kingman Mills v. Furner*, 89 W. Va. 511, 109 S.E. 600 (1921). Ordinarily, a misnomer is cured by the judgment in that the objection is deemed waived. *See, W. Va. Code*, 56-4-29; 59 Am. Jur. 2d *Parties* § 257; 67 C.J.S. *Parties* § 149.

Prior to the adoption of the West Virginia Rules of Civil Procedure, *W. Va. Code*, 56-4-29 abolished the right to use a plea in abatement for a misnomer and provided that either party on affidavit could amend a pleading that had a misnomer by inserting the correct name. The effect of this section was to prevent the dismissal of an action by reason of a misnomer. *Sage v. Boyd*, 145 W. Va. 197, 113 S.E.2d 836 (1960).

Our Rules of Civil Procedure do not specifically cover how the question of misnomer can be raised. A similar situation exists in the Federal Rules of Civil Procedure. It is clear, however, that Rule 15 in both our Rules and the Federal Rules relating to amendment of pleadings controls the correction of a misnomer. *See, Wealden Corporation v. Schwey*, 482 F.2d 550, 552 (5th Cir. 1973); 3 Moore's Federal Practice §§ 15.07(2), 15.08(5) (2nd ed.).

In view of this Court's prior practice prohibiting the dismissal of an action because of a misnomer,[1] an objection to a misnomer cannot be raised by a motion to dismiss under Rule 12, but must be raised either by answer or by affidavit pursuant to *W. Va. Code*, 56-4-29. Rule 12 is inapplicable since it provides seven designated grounds on which a motion to dismiss can be brought and requires that all other defenses be asserted in a responsive pleading. A misnomer does not fall within any of the seven grounds for a motion to dismiss.

Prior to the adoption of its Rules of Civil Procedure in 1970, Ohio permitted the raising of a misnomer by a plea in abatement. *See, Auglaize Box Board Co. v. Hinton*, 100 Ohio St. 505, 126 N.E. 881 (1919); *Smith v. State*, 8 Ohio 295 (1838); 41 Ohio Jur. 2d *Parties* § 56. If the misnomer was not raised until after judgment it was statutorily cured by the judgment. *Gilligan v. Prudential Life Insurance Company*, 127 N.E.2d 883 (Ohio Common Pleas, 1954); Ohio Rev. Code § 2309.58 (1954).

---

[1] *First National Bank of Ceredo v. Huntington Distilling Co.*, 41 W.Va. 530, 23 S.E. 792 (1895); *Grafton Grocery Co. v. Home Brewing Co. of Grafton*, 60 W.Va. 281, 54 S.E. 349 (1906).

Ohio's Rules of Civil Procedure are rather similar to ours. Its Rule 15 provides for liberal amendments to the pleadings. While the Code section curing misnomer after judgment (§ 2309.58) was repealed after the adoption of the Rules of Civil Procedure, it is clear that their Rule 61, which is the same as our Rule 61 on Harmless Error, achieves the same result.[2] A similar curative provision for misnomer after judgment is found in *W. Va. Code*, 58-1-2.

From the foregoing law it is apparent that the failure to style the Ohio action in the name of Huntington Moving & Storage Company would not have rendered the judgment void under Rule 61 of the Ohio Rules of Procedure. There is nothing in the record which suggests that the corporation known as Huntington Moving and Storage Company was not involved in the Ohio lease which was the subject of the Ohio suit.

While claim is made that Huntington Moving & Storage Company was not served in the State of Ohio, it is clear from the record that the company known as Huntington Moving & Storage, dba Columbus Household Movers, was served and did appear. We have previously noted the common items of factual identity existing beneath the different names. In the absence of a specific factual averment that the two companies were not the same, the court had no basis for ignoring the information in the plaintiff's affidavit that they were.

Plaintiff further compounded the misnomer problem when he brought his first action on the judgment in West Virginia. Instead of using the same defendant's name as styled in the Ohio judgment, he named the

---

[2] "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

defendant as Huntington Moving & Storage, Inc. Here again, the record before the trial court at this stage of the proceeding only pointed to a misnomer problem. Dismissal was erroneous, as taking the record as a whole there was at least a genuine issue of material fact as to corporate identity. *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W. Va. 160, 133 S.E.2d 770 (1963).

The other two cases which are involved in this appeal are an outgrowth of the first dismissal and may be disposed of rather quickly in light of the controlling principle set out above.

The second case was filed after the dismissal of the first case and again sought to recover on the Ohio judgment. It was also dismissed, because the defendant asserted that it was not brought in the same style as the Ohio judgment. This case is controlled by our holding in the first case.

The third case was filed after the dismissal of the second case and sought to collect the back rent and damages against "James J. Goode and Huntington Moving and Storage, Inc." The trial court dismissed this action on the theory that the dismissals of the "two previous civil actions are res judicata." Before the principles of res judicata can be involved, there must have been an adjudication on the merits of a case. *State ex rel. Blankenship v. McHugh,* ____ W. Va. ____, 217 S.E.2d 49 (1975); *Litten v. Peer,* ____ W. Va. ____, 197 S.E.2d 322 (1973); *Efthemes v. Crouch,* 138 W.Va. 50, 74 S.E.2d 508 (1953); *Mitch v. United Mine Workers of America,* 87 W. Va. 119, 104 S.E. 292 (1920); *Toney v. Sandy Ridge Coal and Coke Company,* 84 W. Va. 35, 99 S.E. 178 (1919). The dismissals of the two prior cases on procedural grounds did not operate to dispose of them on the merits.

For the reasons stated, the judgments dismissing each of these three cases are reversed and set aside, and they are remanded to the Circuit Court of Cabell County.

*Reversed and remanded.*