# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Blake V. Burr,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0195** (Kanawha County 16-C-1579)

**Discover Bank,**
**Defendant Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Blake V. Burr, by counsel Troy Giatras and Matthew Stonestreet, appeals the order of the Circuit Court of Kanawha County, entered on February 7, 2019, granting Respondent Discover Bank's ("Discover's") motion to dismiss and denying as moot Mr. Burr's motion for partial summary judgment. Respondent appears by counsel Alexander Macia, Bruce M. Jacobs, and Angela L. Beblo.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burr filed a complaint in the Circuit Court of Kanawha County in October of 2016. He asserted violations of the West Virginia Consumer Credit Protection Act (W. Va. Code §§ 46A-1-101 through -108), negligence, invasion of privacy, and unjust enrichment arising from communications sent to him by Discover Bank after Discover Bank obtained default judgment against him in a collection action in New Jersey earlier in 2016. (Mr. Burr's statutory claims are that Discover "published" the debt to Mr. Burr's family and workplace, that Discover made false representations by instituting garnishment proceedings subsequent to a collection action that lacked proper service, and that Discover's acts were fraudulent, deceptive, or misleading.)[1] Mr.

---

[1] As further described in the body of this decision, Mr. Burr challenges the circuit court's understanding of the full faith and credit doctrine and challenges the circuit court's consideration of certain facts. Mr. Burr does not, however, argue that the claims raised in the present West Virginia action are divergent from the claims previously litigated in New Jersey and therefore not precluded when full faith and credit is extended. We, therefore, accept the circuit court's dismissal of the claims without analyzing the factors favoring foreclosure of the same. We note that the circuit court's order suggests that it found Mr. Burr's evidence insufficient to support several of his claims, in any event.

Burr, a long-time New Jersey resident who resided in West Virginia at the time Discover sued him in New Jersey, did not challenge the default judgment when it was entered in New Jersey. At a pretrial hearing conducted in the West Virginia action by the Circuit Court of Kanawha County in November of 2017, the court ordered the parties to submit briefs on the question of whether Mr. Burr's West Virginia complaint was precluded by the New Jersey judgment. The parties appeared for a bench trial in January of 2019, and were there advised that the circuit court would dismiss Mr. Burr's complaint. The circuit court's order, entered the following month, concluded that Mr. Burr had availed himself of the New Jersey forum, and the West Virginia court was obligated to give full faith and credit to the New Jersey judgment.

On appeal, Mr. Burr assigns error to the circuit court's order in two respects. He argues, first, that the circuit court erroneously found that the circuit court could not be employed for a collateral attack of the New Jersey judgment when, in fact, the collateral attack doctrine permits the attack of foreign judgments on a jurisdictional basis. He argues, second, that the circuit court improperly resolved "highly contested issues of fact" in Discover's favor. Because the circuit court considered evidence developed through discovery, our review is de novo.[2] Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

In this case, we are asked to consider the deference due a default judgment entered in the State of New Jersey in light of Mr. Burr's allegations that Discover engaged in prohibited acts and practices in the collection of debt from Mr. Burr in West Virginia.

---

[2] We have explained:

> "When a motion for judgment on the pleadings under Rule 12(c) of the West Virginia Rules of Civil Procedure is converted into a motion for summary judgment, the requirements of Rule 56 of the West Virginia Rules of Civil Procedure become operable. Under these circumstances, a circuit court is required to give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. In this way, no litigant will be taken by surprise by the conversion. The absence of formal notice will be excused only when it is harmless or the parties were otherwise apprised of the conversion. Once the proceeding becomes one for summary judgment, the moving party's burden changes and the moving party is obliged to demonstrate that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Syl. Pt. 1, *Kopelman and Assocs., L.C. v. Collins*, 196 W.Va. 489, 473 S.E.2d 910 (1996).

Syl. Pt. 4, *Riffle v. C.J. Hughes Const. Co.*, 226 W. Va. 581, 703 S.E.2d 552 (2010). During the hearing at which the circuit court ordered the parties to brief the question of whether this action was precluded by the New Jersey judgment, the circuit court informed the parties that it was not clear whether "this case is in a position to move forward or even to sustain a continuation in the courts of West Virginia." Under the limited circumstances of the case before us, where both parties relied on the factual development in their circuit court pleadings, we find this language sufficient to have alerted the parties of the extent of the circuit court's review.

"Under Section 1, Article IV of the *Constitution of the United States*, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud." Syllabus Point 1, *Johnson v. Huntington Moving & Storage, Inc.,* 160 W.Va. 796, 239 S.E.2d 128 (1977).

Syl. Pt. 2, *Evans Geophysical, Inc. v. Ramsey Associated Petroleum, Inc.*, 217 W. Va. 45, 614 S.E.2d 692 (2005). We agree with Mr. Burr that the judgment of a sister jurisdiction is subject to attack on jurisdictional grounds. Or, as we have more artfully held, "[a] judgment rendered by a court of another state or by a court of this State is subject to attack for lack of jurisdiction to render such judgment or for fraud in its procurement." Syl. Pt. 4, *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968). We disagree, however, with Mr. Burr's contention that the circuit court misapplied the collateral attack doctrine by finding it inapplicable. Rather, the circuit court gave Mr. Burr the opportunity to establish New Jersey's lack of personal jurisdiction—thus, allowing the collateral attack under the terms we described in *Eddy*—but specifically found that Mr. Burr availed himself of the New Jersey forum and he was subject to personal jurisdiction in that state, notwithstanding his temporary living arrangement in West Virginia. It is apparent that the circuit court recognized a litigant's ability to challenge the jurisdiction exercised by a sister jurisdiction, and Mr. Burr's first assignment of error is meritless.

We turn to Mr. Burr's second assignment of error, wherein he argues that the circuit court resolved questions of fact in Discover's favor. Specifically, Mr. Burr argues that the circuit court found that Mr. Burr failed to appear to defend the New Jersey action when, in fact, he did not receive notice of the lawsuit; that the circuit court found that Mr. Burr received mail continuously at his mother's home in New Jersey at the times relevant to this matter when, in fact, he received only junk mail at his mother's home; and that the circuit court found that Mr. Burr was employed by a company for which he worked in West Virginia while having his wages garnished in New Jersey when, in fact, he worked in West Virginia and was subject to illegal garnishment of his wages. We find Mr. Burr's description of relevant facts grossly oversimplified, and his attempted distinction between the circuit court's interpretation and his own tortuously overwrought. The circuit court's findings of fact were extensive and supported by the evidence of record. Crucial facts omitted in Mr. Burr's analysis include the provision, by him, of the New Jersey address to Discover upon his opening of the account in 2012, and the continued reflection on his online statement of account—accessed by him on a near-monthly basis—of the New Jersey address as his home address. Statements sent by Discover were never returned as undeliverable, and Mr. Burr admitted that his mother collected mail on his behalf and stacked it on a desk in his childhood room, where it remained between his visits. Mr. Burr was served by the Superior Court of New Jersey (in accordance with that court's rules) at the New Jersey address which, again, he himself had provided to Discover. Accordingly, we find no error in the circuit court's findings of fact.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison