A decree will therefore be entered for the plaintiff in both cases.

**COMMERCIAL CREDIT CO v RAMSEY et**

Ohio Appeals, 4th Dist, Jackson Co

Decided October 12, 1931

Messrs. Roy J. Gillen, Wellston, and Wayman B. McLeskey, Columbus, for plaintiff in error.

Mr. Charles H. Jones, attorney for defendant in error, The First National Bank of Wellston.

BLOSSER, J.

The only issue presented to the court in the case brought by the bank for recovery on the promissory notes was whether or not

Eugene L. Ervin was a partner in the Milton Motor Company and whether or not he was liable on the notes sued upon. The plaintiff in error relies on §§11255 and 11262 GC to support its contention that it is a proper and necessary party to the suit. A similar question was presented in the case of Moeser, Trustee v Republic Distributing Company, 10 Oh Ap 356, where it is held:

"Persons who are made defendant under §§11255 and 11262 GC, must be those whose presence is essential to the determination of the controversy before the court, and a defendant can not by cross petition bring in new parties in order to litigate matters wholly between themselves and which can not affect the right of the plaintiff to recover on his petition."

The case at bar is stronger against the contention of the plaintiff in error than the case cited. In the present case the plaintiff in error, being an entire stranger to the suit brought by the bank, is seeking on its own motion to be made a party to the suit and to inject new issues into the controversy. The issue which it seeks to raise would in no manner be essential to the determination of the controversy between The First National Bank and the defendant in the suit. The Commercial Credit Company is neither a proper or necessary party to the suit in the Court of Common Pleas and the trial court properly refused its application to be made a party defendant.

There was no error committed by the trial court and the judgment is affirmed.

MAUCK, PJ and MIDDLETON, J, concur.