## JOHNSON v. AVONDALE MOTOR CAR CO.

Common Pleas Court, Hamilton County.

No. A-126682.   Decided April 3, 1952.

Henslee, Monek & Murray, Chicago, Ill., Schmidt, Effron, Josselson & Weber, Cincinnati, for plaintiff.

McCaslin, Imbus & McCaslin, Cincinnati, for defendant.

### OPINION

By BADER, J.

This case comes before the Court to be heard on motion of the defendant, the Avondale Motor Car Company, for an order requiring General Motors Corporation to be made a party defendant.

The reason given for the motion is that any liability, if any, under the allegations in the petition of a breach of warranty, would ultimately be that of the General Motors Corporation. The memorandum attached to the motion alleges that the Avondale Motor Car Company would have the right of restitution in the event any liability was incurred by breach of warranty against General Motors Corporation.

The mover set forth §11255 GC as authority for the motion.

**Sec. 11255 GC**, reads as follows: "**Sec. 11255 GC.** Joinder of defendants.  Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.  (R. S. Sec. 5006.)"

It has been held that in order to bring one in as a party under the above section his presence must be essential to the determination of the controversy before the court.  The mere fact that the Avondale Motor Car Company would have a right of action or a "right of restitution in the event on any liability incurred, by reason of breach of warranty against

General Motors Corporation" does not mean that the General Motors Corporation is essential or is a necessary party for the determination of the issues before the Court

The plaintiff has seen fit to institute litigation against the defendant which he has a right to do. Certainly the defendant now in the case cannot compel the plaintiff to institute litigation against some other person in order that differences and controversies existing between the two defendants may be settled in this case. See: **Moeser, Trustee v. Republic Dist. Co., 10 Oh Ap 356.**

The Court is of the opinion that the General Motors Corporation is not an essential or necessary party for the determination of the issues raised by the pleadings.

Accordingly, the motion to make the General Motors Corporation a party is overruled.