GILLIGAN, Plaintiff, v. PRUDENTIAL LIFE INSURANCE COMPANY, Defendant.

Common Pleas Court, Franklin County.

No. 190289    Decided December 17, 1954.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, for Fourth-Naghten Co.

Carl H. Valentine, Columbus, for defendant, The Prudential Insurance Co. of America.

Donald S. McNamara, Columbus, for plaintiff.

## OPINION

By BARTLETT, J.

1. Misnomer is not fatal to the jurisdiction of the Court over the person of the defendant whose name is in issue, and such mistake in the name becomes a mere irregularity when the real party sought to be sued, answers to the merits at issue in the case.

2. A plea in abatement because of misnomer is a personal defense of the party whose name is in issue, and may be waived by such party; and is not available as a defense to other parties not affected by such mistake in the name.

3. The purpose of pleadings is to define the issues to be determined in a given case and to keep such case within due bounds, and the pleading of collateral matters should not be permitted, since such matters tend to draw away the minds of the jurors from the point in issue and thus mislead them. Each case must be tried upon its own merits, and be determined by the circumstances connected with it.

4. Claims of liability of a contingent nature against another person depending on the outcome of the controversy already before the Court on the pleadings, does not constitute the proper subject of a "counterclaim" as that term is used in §2309.16 R. C.

5. The persons who are made defendant under §2307.19 and 2307.26 R. C., muse be those whose presence is essential to the determination of the controversy before the Court, and where the defendant in the original controversy seeks to have another person made a defendant and to inject new issues into the action by way of cross-petition against such other party, in an effort to litigate matters wholly between themselves and which cannot affect the right of the plaintiff to recover on his petition, the application of such original defendant should be denied where he requests such other person be made a defendant with leave to file such a cross-petition against him.

6. The motion of the Fourth-Naghten Company is sustained, and the previous order of the Court is vacated, wherein the Fourth-Naghten Company was made a party defendant with leave to The Prudential Insurance Company of America, to file its amended answer and its cross-petition against said Fourth-Naghten Company.

7. The Court, sua sponte. orders stricken from the files the amended answer and cross petition of said insurance company.

This action was begun by the plaintiff filing his petition claiming damages against The Prudential Life Insurance Company (emphasis ours), in

the sum of $50,000.00 for personal injuries alleged to have been suffered by the plaintiff resulting from her falling on the floor in the office of said company, where she went as a policy holder of the company, to pay a premium owed by her to the company.

Plaintiff claims her fall was due to the negligence of said company in waxing and polishing the floor of its office resulting in slippery spots, etc. on said floor.

Service of summons was made on the defendant in the foregoing name of said company, by serving Sherman Babcock, Manager and agent of Prudential **Life** Insurance Company (emphasis ours), personally, with a certified copy of the petition.

Interrogatories were annexed to the petition, the first of which requested the name of the person in charge of defendant's office at 22 Young Street on the date of plaintiff's injury. The Prudential Insurance Company of America answered: "Sherman Babcock."

The petition states defendant's fall was at the company's office located at said 22 South Young Street.

The Prudential Insurance Company of America filed its answer to the petition setting up as a first defense the service of summons on it in the name of "The Prudential **Life** Insurance Company" (emphasis ours), then stated there was an Ohio corporation by this name, but that "this answering defendant is not such corporation," and asserted its correct name to be, "The Prudential Insurance Company of America." As a second defense to the petition, the answer averred a general denial.

Later the "Defendant, The Prudential Insurance Company of America," filed its motion requesting the Court to make the Fourth-Naghten Company a new party defendant herein and to grant leave to this defendant to file its amended answer herein containing a first defense and a second defense of the same allegations as in its answer heretofore filed herein and, as a part of said amended answer, to file its cross-petition against said Fourth-Naghten Company, setting up its counterclaim against said Fourth-Naghten Company, arising out of its contract of lease with said Fourth-Naghten Company under authority of which it occupies the premises described in the petition, and to require said Fourth-Naghten Company by a summons, to answer said counterclaim.

Plaintiff's counsel filed no memorandum opposing said motion. although served with a copy of an affidavit in support of said motion; and this branch of the Court sustained said motion, and its order was journalized.

The Prudential Insurance Company of America filed its amended answer containing the same two defenses asserted in its original answer. and also a cross-petition against the defendant said Fourth-Naghten Company, based upon its lease with said last named company for the premises where plaintiff was injured, being its office. The cross-petition claimed the Fourth-Naghten Company in said lease reserved to itself janitor service, and that "the floor of which plaintiff complains in her petition was maintained and cared for by said Fourth-Naghten Company, and that whatever treatment, care. repairs and janitor service may have been given to said floor were given. made and furnished by said Fourth-Naghten Company and that said The Prudential Company of America at no time performed or caused to be performed any service or act whatever, having to do with said floor, with a prayer that "in the event a judgment be rendered against it herein in

favor of the plaintiff, it be given judgment against defendant Fourth-Naghten Company for the amount thereof" etc.

Summons on the cross-petition was issued and served on the Fourth-Naghten Company; and thereupon counsel for the Fourth-Naghten Company filed a motion for an order "vacating and setting aside the order making Fourth-Naghten Company a new party defendant herein and granting leave to the Prudential Company of America to file its amended answer setting up its alleged claim against Fourth-Naghten Company."

The request to set aside the previous order of the Court is based on two grounds, first that the Prudential Life Insurance Company was the only party defendant in this case, and The Prudential Insurance Company of America, not being a party defendant in this case, has no standing to have others made parties. To simplify, it was claimed A sues B, and C, without being sued, files a motion to make D a party. Let us examine this proposition.

"An answer raising an objection to the merits of the cause of action enters the general appearance of the defendant, though one which merely objects to the jurisdiction of the Court does not." **31 O. Jur. Pleading, Sec. 178, p. 745.**

"Entering a plea constitutes a general appearance where the objection is to its merits." **3 O. Jur. Appearance, Sec. 9, p. 19.**

"1. Where a corporation whose name is composed of several words is sued by a name in which a word in the corporate name is omitted, such omission or misnomer, unless pleaded in abatement, will be disregarded by the court." **State, ex rel. Telegraph Co. v. Bell Telephone Co., 36 Oh St 296.**

In the foregoing case McIlvaine, C. J., on p. 308 states:

"It has been suggested that jurisdiction has not been obtained over the American Bell Telephone Company. There is no doubt that the relators intended to prosecute the American Bell Telephone Company, but through ignorance of the true name have designated it by the name of 'The Bell Telephone Company.' It is true, advantage of the mistake might have been taken by plea in abatement, but as the company, by its silence, has shown itself to be content with the name by which it has been sued, the court will regard the objection that otherwise might have been made on the ground of misnomer to have been waived. 2 Estee's Pleadings, 449, note; 2 Cowen, 770; 1 Den. 451; Kyd on Corp. 227; Green's Brice's Ultra Vires, 3, note; 13 Johns. 58; 1 Potter on Corp. Sec. 12.

In the case of **Boehmke v. The Northern Ohio Traction Co., 88 Oh St 156,** it was held:

"1. Where one knows himself to be the wrongdoer sought to be made liable in an action of damages for the wrong, and voluntarily appears by his attorney and answers in the name of and ostensibly as another person who was by the plaintiff named as defendant, and served with process in the mistaken belief that the latter person did the wrong, the former person thereby submits himself to the jurisdiction of the court and may be substituted as the real defendant in place of the nominal defendant sued by mistake; and the substituted defendant will be bound by the verdict and judgment rendered against him in the case."

On p. 164 of the foregoing case Wilkin, J., says:

"But that mistake became a mere irregularity in the judicial formulary

of the suit when the real party came to the defense wearing the mask of the formal party. A court of law is a dangerous place for masquerade, for the law looks beneath the apparent and beholds the real."

"* * * Counsel's mistake was in thinking their client could enjoy the privilege of defending a law suit and dodge the responsibility that goes with it.

"Assenting to the plaintiff's mistake, the defendant accepted the suit and thus cured the irregularity."

To the same effect as the case of Boehmke v. Northern Ohio Traction Co., supra, see **Box Board Co. v. Hinton, 100 Oh St 505.**

**Sec. 2309.58 R. C. (§11363 GC)** provides:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or by a mistake in any other respect, * * *"

"Our statute of amendments (§11363 GC) is very liberal." Boehmke v. Traction Co., supra, p. 163; Bonding Co. v. Bank, 22 C. C. (N. S.) 177, 180.

"Two defenses are set forth in the answer of the company; one a plea in abatement because of the misnomer of the company; the other was an answer to the merits, the company entered its appearance, and it was not error to permit the petition and summons to be corrected by inserting the true name of the defendant below. **Sec. 5114 R. S. (§11363 GC); Elliott v. Lawhead, 43 Oh St 172."** Cleveland, Lorain and Wheeling R. R. Co. v. Fredenbur, 3 C. C. 23, 27,

"the second defense was to the merits, being substantially a general denial." p. 24, foregoing case, which was affirmed by the Supreme Court without opinion. 23 Bull. 434.

The Fredenbur case, supra, would appear to be identical with the instant case, since The Prudential Insurance Company of America has seen fit, not only to enter a plea in abatement because of misnomer of the company as a defense, but also a general denial as to facts as a second defense; and consequently, has entered its appearance as the real defendant in the case.

It is apparent from a review of the cases that a misnomer is not fatal to the jurisdiction of the Court over the person of the defendant whose name is involved, and such mistake becomes a mere irregularity when the real party sought to be sued, answers on the merits at issue in the case.

It also is well settled by the cases cited that the plea of abatement because of misnomer is a personal defense of the party whose name is in issue, and may be waived by such party; but that such plea is not available to other parties not affected by such mistake.

Consequently, the misnomer in the instant case, affords no reason for setting aside the previous order of the court.

The second ground advanced by counsel on behalf of the Fourth-Naghten Company as to why the previous order of the Court should be set aside, is the fact that the original defendant had no authority under the laws of Ohio to have another person made a party defendant who may be liable to the original defendant in the event the plaintiff secures a judgment against such original defendant. This would appear to be a much more valid reason for setting aside the previous order.

In the case of **Mayer v. Klug et al., 10 Oh Ap 303**, it was held:

"The owner of an automobile who has been joined with a traction company as defendant in an action for damages for injuries received by a street car passenger as the result of a collision, can not under §11317 GC (now §2309.16 R. C.) file a counterclaim against the traction company and thus litigate his rights as against the traction company in such action."

The ruling in the Mayer case, supra, was cited with approval in **Price v. Kobacker Furniture Co., 4 Abs 68.**

In the case of **Moeser, Trustee, v. Republic Distributing Co., 10 Oh Ap 356**, it was held:

"1. Persons who are made defendant under §§11255 and 11262 GC (now §2307.19 and 2307.26 R. C.), must be those whose presence is essential to the determination of the controversy before the court, and a defendant can not by cross-petition bring in new parties in order to litigate matters wholly between themselves and which can not affect the right of the plaintiff to recover on his petition."

In the case of **Commercial Credit Co. v. Ramsey, 11 Abs 573**, it was held:

"Persons who are made defendant under §§11255 and 11262 GC (now §§2307.19 and 2307.26 R. C.), must be those whose presence is essential to the determination of the controversy before the court, and where an entire stranger to the original controversy seeks to inject new issues into the action, the issues which it seeks to raise being in no manner essential to the determination of the original controversy, its application must be denied."

In the case of **Johnson v. Avondale Motor Car Co., 64 Abs 355**, it was held:

"1. In order to bring one in as a party under §11255 GC (now §2307.19 R. C.), his presence must be essential to the determination of the controversy before the court."

The most pertinent reason in law for not permitting defendants to litigate matters wholly between themselves, but to confine the issue to the controversy already before the Court, has been stated by Cushing, J., in the Mayer case, supra, on p. 306, as follows:

"In this case the counterclaim in no way tends to affect the plaintiff's right of recovery. Its purpose is to shift responsibility from the automobile owner to the traction company, and for the recovery of a judgment, by Mayer, against that company. Under pleadings, Klug did not owe Mayer any duty. The duty that Mayer and the company owed Klug was different from that owing to each other.

"The complexities that would arise in a trial into which were injected several controversies involving different standards of care, and different measures of damages, with evidence introduced that was admissible against some but not against all parties, might well merit the characterization of 'extraordinary intermingling of causes of action,' used by the Court in City of Cleveland v. The Standard Contracting Co. et al., 21 C. C., N. S., 604, 605."

This same salient principle of avoiding complexities in a trial by the injection of other controversies, is well recognized as a fundamental rule of evidence.

"In all cases evidence should be excluded which tends only to prove a

collateral fact. * * * Each case must be tried upon its own merits, and be determined by the circumstances connected with it. * * *

"The reason for the rule excluding testimony of collateral facts is 'that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice, and mislead them;'" **12 O. Jur. pp. 334 and 335; Greenleaf on Evidence, Vol. 1, Sec. 52.**

The rule of evidence excluding testimony of collateral facts, is based on a sound principle, so as to avoid a tendency to draw away the minds of jurors from the real point in issue, and thus mislead them; and such principle is all the more applicable to law of Pleading, since the very purpose of pleadings in all cases is to define the issues to be determined and to keep all such law suits within due bounds.

In the instant case the alleged counterclaim asserted by the defendant Insurance Company against the Fourth-Naghten Company in no way tends to affect the plaintiff's right of action against said Insurance Company, which is the real issue in this case; furthermore this alleged claim is of a contingent nature depending upon the outcome of plaintiff's claim against said Insurance Company and, therefore, does not come within the definition of a "counterclaim" as that term is used in §2309.16 **R. C.** (formerly §11317 **GC**).

The cross-petition seeks to inject a new issue into the real controversy in this case, the subject matter of which is entirely collateral to the subject of the action already in litigation in the instant case. which is the right of plaintiff to recover a judgment against said Insurance Company. The subject of the cross petition being of a contingent nature depending on the liability of said Insurance Company to the plaintiff, should be postponed until such liability of said Insurance Company is determined, and thereafter, if it becomes necessary to decide the merits of said Insurance Company's claim asserted against the Fourth-Naghten Company, it should be the subject of an original action for that purpose.

**Sec. 2307.19 R. C.** (§11266 GC) provides:

"Joinder of defendants. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

The alleged issue asserted in the cross petition is not adverse to the plaintiff, and a decision on that issue is in no sense essential to the determination of the merits of the original controversy, which is plaintiff's right of recovery against said Insurance Company.

It is, therefore, the holding of this Court that the persons who are made defendant under §§2307.19 and **2307.26 R. C.**, must be those whose presence is **essential** to the determination of the controversy before the Court, and where the defendant in the original controversy seeks to have another person made a defendant and to inject new issues into the action by way of cross petition against such other party. in an effort to litigate matters wholly between themselves and which cannot affect the right of the plaintiff to recover on his petition, the application of such original defendant should be denied where he requests such other person be made a defendant with leave to file such a cross-petition against him.

The Court, therefore, sustains the motion of the Fourth-Naghten Company, and hereby vacates its previous order making said Fourth-Naghten

232

Company a party defendant, with leave to The Prudential Insurance Company of America to file its amended answer and its cross-petition against said Fourth-Naghten Company.

Furthermore, the Court, sua sponte, orders stricken from the files the amended answer and cross-petition of said Insurance Company.

Entry accordingly with exceptions to counsel for defendant insurance company.