614 S.E.2d 692

**EVANS GEOPHYSICAL, INC.,
a corporation, Plaintiff
Below, Appellant**

v.

**RAMSEY ASSOCIATED PETROLEUM,
INC., a corporation, Defendant
Below, Appellee.**

No. 31746.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 12, 2005.

Decided May 18, 2005.

Carl J. Dascoli, Jr., Esq., Law Office of Michael R. Cline, Charleston, for Appellant.

William C. Martin, Esq., Sutton, for Appellee.

PER CURIAM.

The appellant Evans Geophysical, Inc. appeals from a Gilmer County circuit court order that denied the appellant's motion for reconsideration of the final order that voided a Michigan default judgment in favor of the appellant against the appellee, Ramsey Associated Petroleum, Inc., and permanently stayed execution of the Michigan judgment.

We affirm the circuit court's order.

I.

The appellant, Evans Geophysical, Inc. ("Evans"), a Michigan corporation, is in the business of providing geological data to oil and gas companies, including seismic surveys of underground oil and gas prospects. The appellee, Ramsey Associated Petroleum, Inc.

("Ramsey"), is a Delaware oil and gas company authorized to do business in West Virginia, located in Glenville, Gilmer County.

In August of 2001, Annette Evans, the appellant's principal, appeared at a symposium in Morgantown, West Virginia, and promoted the services of appellant Evans. At the time of the symposium, the appellant had contracted with a group of six oil and gas companies interested in conducting a seismic survey in West Virginia.[1] Ramsey, the appellee, expressed interest in joining the group. Through their representatives, Evans and Ramsey entered into negotiations to join with the other six companies; during negotiations the parties communicated sparingly by letters, facsimile, and telephone.

Ultimately, Evans prepared an agreement in Michigan and faxed an offer to Ramsey's office in West Virginia. Ramsey received the faxed agreement, but Ramsey's president denies that he signed the agreement or otherwise agreed to pay any of the costs connected with the seismic survey.

The seismic survey was conducted, and Evans sent Ramsey an invoice for Ramsey's share of the costs—approximately $22,000.00. Ramsey did not pay the invoice. After attempting to collect payment from Ramsey, Evans filed an action against Ramsey in a Michigan district court. Ramsey strategically chose not to defend the action in Michigan, or otherwise submit the company to the jurisdiction of the Michigan courts.

In July of 2001, a Michigan district court conducted a bench trial, and later entered a default judgment against Ramsey. In its order, the Michigan court found that Ramsey had sufficient contact with the state of Michigan to establish limited personal jurisdiction, and awarded Evans a judgment in the amount of $21,805.46, Ramsey's share of the seismic survey cost.

In February of 2003, Evans sought to enforce the Michigan default judgment in the Gilmer County Circuit Court. In response, Ramsey filed motions to stay enforcement of the foreign default judgment and to vacate judgment, arguing that the Michigan court

1. Because of the prohibitive costs involved in conducting a seismic survey, gas and oil companies often pool their money to pay for the collection of data.

lacked limited personal jurisdiction over the appellee.

The circuit court granted a 90–day stay of enforcement of the judgment, and scheduled a hearing on Ramsey's motion to vacate the foreign judgment.

In June of 2003, the circuit court held a bench trial at which both parties presented evidence as to whether the Michigan court properly determined that the appellee satisfied the "minimum contacts" standards for limited personal jurisdiction under Michigan's long-arm statute.

In an eight-page order, the West Virginia circuit court, on August 4, 2003, applying Michigan law, found that there was insufficient evidence to support limited personal jurisdiction over Ramsey in Michigan. As a result, the circuit court vacated the Michigan judgment and permanently stayed execution of the judgment.

The appellant, Evans, then filed a motion for the circuit court to reconsider its order. On September 22, 2003, the circuit court conducted a hearing on the motion for reconsideration.

On November 20, 2003, the circuit court entered an order denying the appellant's motion for reconsideration. In its order, the circuit court found no reason to disturb its August 4, 2003 final order, and that no basis or other justification existed to grant relief to the appellant Evans. The appellant appeals from the November 20, 2003 order.

## II.

 "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

 The appellant Evans sought enforcement of its Michigan judgment against the appellee Ramsey under the *West Virginia Uniform Enforcement of Foreign Judgments Act, W.Va.Code*, 55–14–2 [1989]. A foreign judgment is "any order, judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." *W.Va. Code*, 55–14–2 [1997]. For a judgment to be entitled to full faith and credit, the court issuing the judgment must have personal jurisdiction over the entity against whom the judgment was entered. This Court stated in *Surrillo v. Drilake Farms, Inc.*, 186 W.Va. 105, 108, 411 S.E.2d 248, 251 (1991):

> Under Section 1, Article IV of the *Constitution of the United States*, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud.

Syllabus Point 1, *Johnson v. Huntington Moving & Storage, Inc.*, 160 W.Va. 796, 239 S.E.2d 128 (1977).

 Michigan's long-arm statute provides five instances in which a Michigan court may obtain limited personal jurisdiction over a foreign corporation.[2] Appellants relied on its contention that the appellee "transact[ed] ... business within the state [of Michigan]."

Two federal district courts have addressed the Michigan long-arm statute. In *Steelcon, Inc. v. Beaver Ins. Co.*, 650 F.Supp. 520

---

**2.** Michigan's long-arm statute establishes limited personal jurisdiction over a foreign corporation that participates in any of the following relationships:

 (1) The transaction of any business within the state.

 (2) The doing or causing any act to be done ... resulting in an action for tort.

 (3) The ownership, use, or possession of any real or tangible personal property situated within the state.

 (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

 (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

*Mich. Comp. Laws* § 600.715 [1989].

(W.D.Mich.1986), the court found that the mere contracting with an out-of-state corporation by a Michigan resident is insufficient to invoke personal jurisdiction over the out-of-state defendant. Furthermore, in *Neighbors v. Penske Leasing, Inc.*, 45 F.Supp.2d 593 (E.D.Mich.1999), the court found that an out-of-state corporation, whose sole link to Michigan was daily communication by telephone, mail, or facsimile to a supplier in Michigan, was insufficient contact to establish limited personal jurisdiction under the Michigan long-arm statute.

Much like the foreign corporation in *Neighbors,* the appellee's contact with the state of Michigan was limited to communications with appellant by telephone, mail, and facsimile. None of the appellee's agents traveled to Michigan. The appellee's contact with the Michigan was a one-time negotiation for the limited purpose of conducting a single seismic survey in West Virginia. It is contested that appellee Ramsey even signed a contract with the appellant.

The appellee's limited contact with the state of Michigan did not provide sufficient grounds on which to establish personal limited jurisdiction in Michigan. The circuit court did not abuse its discretion in finding that the Michigan court did not have limited personal jurisdiction over the appellee, Ramsey Associated Petroleum, Inc.

### III.

Therefore, we affirm the circuit court's order.

Affirmed.