## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mallard Trace Condominiums, LLC,**
**Plaintiff Below. Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0041** (Logan County 10-C-341)

**Lisa A. Bryant,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mallard Trace Condominiums, LLC appeals the "Order Granting Motion to Quash Writ of Execution" entered by the Circuit Court of Logan County on June 28, 2011. Petitioner is represented by Robert B. Kuenzel. Respondent Lisa A. Bryant, who is now pro se, has failed to make any appearance on appeal.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner obtained a default judgment against respondent in Cook County, Illinois. Thereafter, petitioner recorded the foreign judgment and filed a suggestion and writ of execution in Logan County, West Virginia. Respondent filed in the Circuit Court of Logan County a motion to quash the writ of execution. By order entered on June 28, 2011, the circuit court concluded that the Illinois court had lacked both personal and subject matter jurisdiction and, therefore, the circuit court quashed the writ of execution.

In reviewing challenges to the findings and conclusions of a circuit court, we apply a three-pronged standard of review. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, the underlying factual findings are reviewed under a clearly erroneous standard, and questions of law are subject to de novo review. Syl. Pt. 2, *Walker*

---

[1] Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondent has failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor simply because respondent failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).

1

*v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Evans Geophysical, Inc. v. Ramsey Associated Petroleum, Inc.*, 217 W.Va. 45, 614 S.E.2d 692 (2005).

In its first assignment of error, petitioner argues that the circuit court should have granted full faith and credit to the Illinois default judgment. However, after a careful review of the petitioner's brief and the record on appeal, we conclude that the motion to quash was properly granted. The underlying matter was a contract wherein respondent agreed to purchase an apartment building situate in Logan County, West Virginia. The closing was to take place in West Virginia, and respondent is a West Virginia resident. We agree with the circuit court's conclusion that the State of Illinois had insufficient contacts both with the respondent and the contract such that the Illinois court had neither personal nor subject matter jurisdiction. We adopt and incorporate by reference the circuit court's thorough analysis, findings of fact, and conclusions of law set forth in the June 28, 2011, order. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

In its second assignment of error, petitioner argues that the circuit court erred by not requiring respondent to post a bond when respondent filed a motion for temporary restraining order. Inasmuch as we have already concluded that the writ of execution was properly quashed, the issue of whether a bond should have been posted is moot.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

Mallard Trace Condominiums, LLC,
Dalia Harami, Managing Member,
      Plaintiff,

v.
                                    Civil Action No. 10-C-341-P
                                    The Honorable Roger L. Perry

Lisa A. Bryant,
      Defendant.

## ORDER GRANTING MOTION TO QUASH WRIT OF EXECUTION

Comes now the Court upon consideration of Defendant's Motion to Quash Writ of Execution and Motion to Deny Full Faith and Credit. A hearing was held on the motion to quash in April of 2011 where both parties appeared by counsel – Rob Kuenzel for the Plaintiff and Carl Adkins for the Defendant. The Court has considered the motion, the Plaintiff's response, and the memoranda of law, affidavits, and exhibits submitted by the parties; considered all papers of record, heard the arguments of counsel, and reviewed pertinent legal authorities. As a result of these deliberations, for the reasons set forth in the following Opinion, the Court has concluded the Defendant's Motion to Quash Writ of Execution and Motion to Deny Full Faith and Credit should be **GRANTED**.

### Findings of Fact

There seems to be no dispute as to the facts in this case. On May 1, 2010, Plaintiff and Defendant entered into a written contract titled "Mallard Trace Condominiums, LLC Limited Liability Company Interest Purchase Agreement" for the purchase of a piece of real estate located in West Logan, West Virginia. The Defendant

allegedly did not fulfill her part of the contract and is therefore, allegedly, in default. The Plaintiff then brought suit in the Circuit Court of Cook County, Illinois – Chancery Division and was awarded a judgment against the Defendant of $209,750.57 on January 20, 2011 upon making a Motion for Default Judgment when the Defendant apparently failed to appear. In an attempt to enforce this judgment, the Plaintiff filed the instant action seeking to domesticate the Illinois judgment and execute against the Defendant's assets in West Virginia.

All aspects surrounding the formation of the contract occurred in West Virginia. The property was advertised for sale in West Virginia. Mallard Trace Condominiums, LLC, the seller, is a corporation incorporated as a domestic West Virginia corporation (even though its sole managing member, the Plaintiff, lives in Illinois). The Defendant received the contract from Defendant via fax at her home in Logan, West Virginia. The place of closing where the contract was executed was in the office of attorney Jerry White, whose office is in downtown Logan, West Virginia. Furthermore, the language of the contract itself states that West Virginia law shall govern any dispute that may arise.

**Issue Presented**

The issue presented in this case is whether this Court should extend full faith and credit to the foreign judgment rendered by the Circuit Court of Cook County, Illinois. More specifically, the question is whether this Illinois Court had personal or subject-matter jurisdiction over the Defendant to issue a judgment.

**Conclusions of Law**

2

The West Virginia Supreme Court of Appeals, in <u>Aldrich v. Aldrich</u>, 147 W.Va. 269, 127 S.E.2d 385 (1962), cited the following language from 2 Black on Judgments, second edition, 1902, Chapter 22, Section 861, regarding the effect a West Virginia Court should give to a foreign judgment:

> [i]t is well settled, that no greater effect is to be given to [the judgment of another state] that it would have in the state where it was rendered. It has no higher dignity in any other state than in the one where it was pronounced; and hence, if in the courts of the state where the judgment was rendered, it is inconclusive, or if it is inquirable into there, it will be open to investigation, to the same extent, every where else.

<u>Aldrich</u> at 275. The Court in <u>Aldrich</u> went on to hold:

> To maintain an action in one state on a foreign judgment or decree, it is necessary that the judgment or decree be a valid personal and final adjudication which is in full force an virtue in the jurisdiction where it was rendered and be capable of enforcement there by final process and the adjudication must have been rendered by a court which had jurisdiction of the parties and of the subject matter. ... In an action on a judgment of another state the validity of the judgment is determined by the law of this jurisdiction in which the judgment was recovered. ... A judgment rendered by a court of another state or by a court of this state is subject to attack for lack of jurisdiction to render such judgment or for fraud in its procurement. ... When a judgment or decree of a court of another state is sought to be enforced in a court in this state, the court in this state may inquire into the jurisdiction of the court which rendered the judgment or decree, and if it appears that such court had no jurisdiction, the judgment or decree is void ...

<u>Aldrich</u> at 276. In addition to this holding in <u>Aldrich</u>, even the Plaintiff cites a more recent decision of the West Virginia Supreme Court of Appeals that reinforces Aldrich. "Full faith and credit must be given to the judgment or decree of a sister state if it not

3

successfully attacked on jurisdictional grounds." Stewart v. Stewart, 169 W.Va. 1, 289 S.E.2d 652 (1980). Therefore, it is clear that when deciding Defendant's Motion to Quash the Plaintiff's Writ of Execution this Court may inquire into issues of the foreign court's personal and subject-matter jurisdiction. It is also apparent that the question of personal jurisdiction, at least, must be decided under Illinois law.

The law of Illinois places the burden with the Plaintiff in showing that personal jurisdiction is established and proper in the jurisdiction where a judgment is sought. The law requires that the Plaintiff present a prima facie case demonstrating that personal jurisdiction exists in the jurisdiction that renders the judgment (Kostal v. Pinkus, 357 Ill.App.3d 381). It is the Defendant's position that this was not done prior to the foreign judgment being entered. The Petitioner must "establish[] a prima facie case of jurisdiction through the untraversed pleadings, documents, and affidavits" filed with the court (TCA International, Inc. v. B & B Custom Auto, Inc. 299 Ill. App.3d 522).

The Illinois Constitution's due process clause "contains its own guarantee of due process to all persons … , a guarantee which stands separate and independent from the Federal guarantee of due process" (People ex rel. Hartigan v. Kennedy, 576 N.E.2d 107). This provides a first level of protection over the Defendant's federal due process protection and therefore we will address this prior to discussing the Federal due process protections under the United States Constitution. For both Federal and State due process, the meeting of certain minimal contacts between the Defendant and the jurisdiction must be shown.

Illinois has codified what are minimal contacts with the state by enacting a statute setting out acts that subject a nonresident to jurisdiction in the state. These are set out in

Article 735, Chapter 5, Section 2, of the Illinois Code better known as Illinois Long Arm Statute. The part of the statute at issue in this case is section 209(a)(1) which deals with transacting business in the state. The Illinois Court has set out factors to use to determine whether or not actions of a party rise to the necessary degree to constitute minimal contacts under this code section. Those factors were laid out in Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc. and are as follows: (1) who initiated the transaction, (2) where the contract was formed, and (3) where performance was to take place (Id. 213Ill. App.3d at 680).

If you apply these factors to the present case it is clear that the Defendant does not meet the necessary level of contacts with Illinois to grant personal jurisdiction over her to that jurisdiction. The first factor, the initiation of the transaction between the parties, was initiated by the Plaintiff, not the Defendant. The Plaintiff ran ads regarding the sale of the property and made verbal acknowledgments while the Defendant was seeking a rental lease for an apartment owned by Plaintiff. The second factor, where the contract was formed also favors West Virginia being the proper jurisdiction and not Illinois. The contract was executed by the Defendant in Logan County, West Virginia. The Plaintiff faxed the contract to the Defendant for execution at her apartment in West Logan. The third factor, where performance was to take place, also clearly indicates that West Virginia was the appropriate jurisdiction and clearly shows that Illinois has no ties to this agreement. The performance of this agreement was to be closed in the office of Jerry White, Esq. an attorney licensed to practice in West Virginia, whose office is located in Logan, West Virginia. The transition of the only asset of the LLC, an apartment building located in West Logan, West Virginia, was to be performed in West

5

Virginia. When applying these factors it is clear that Illinois has no ties to this agreement other than the fact that a member of the LLC has her personal residence in Illinois and receives mail there for the LLC.

In order for personal jurisdiction to be proper these aforementioned minimal contacts must be met as well as the safe guard that the Illinois Court's created in Rollins v. Ellwood. The court in that case established that, aside from minimal contacts with the state, it must also be shown that "it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affects interests located in Illinois" (141 Ill.2d at 275, 152 Ill.Dec. at 398). This test must be met in order for a court to exercise personal jurisdiction over a nonresident defendant. This Court finds that the actions of the Defendant in this case would not make it fair, just, or reasonable to require her to defend this action in Illinois. The Defendant took no actions within the state of Illinois; she has never visited Illinois, had any personal negotiations within the state, and has effected no interests located in Illinois. The only action involving the state of Illinois and the Defendant were telephone conversations, text messages, and a fax of the agreement. The Plaintiff is a West Virginia Company, the Defendant is a West Virginia resident, and the dispute is over real property located in West Virginia. There are no interests located within the state of Illinois which could be affected by the agreement. Therefore, this Court finds that the Illinois Circuit Court fails to meet this necessary component to establishing personal jurisdiction over the Defendant, and that in rendering a judgment without personal jurisdiction over the Defendant it has violated the Defendant's right to due process of law under the Illinois Constitution.

We would now examine the Federal Constitution's Due Process Clause protections. The due process clause of the United States Constitution requires " that a nonresident defendant have 'certain minimum contact with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice'" (Hoeksta v. Bose, 707 N.E.2d 185, quoting International Shoe Co. v. Washington, 326 U.S. 310). Courts have set out "criteria that must be considered in determining whether sufficient minimum contacts have been established: (1) whether the nonresident had 'minimum contact' with the forum state such he had 'fair warning' that he may be hailed into a forum state court to defend himself; (2) whether the action arose out of or related to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum state" (*Id.*, Ores v. Kennedy, 218 Ill. App.3d 866). Addressing the first criteria, the requirement of minimal contacts is similar of that required for the state and therefore this Court will not specifically readdress the acts which were set out above, however the federal due process criteria adds something more to the minimal contacts test. That the defendant have "fair warning that he may be hailed into a forum state court to defend himself". In the present case, this Court finds that the Defendant had no "fair warning" that she may be sued over this agreement in Illinois. The agreement itself calls for West Virginia Law to govern any dispute. There is no mention of Illinois being the forum state for any dispute in the agreement, and any resident of West Virginia when dealing with a West Virginia Company over something located within West Virginia can hardly be thought to foresee being sued in a state as distant as Illinois over a dispute to that agreement. The second criteria, whether the action arose out of or related to the defendant's contacts with the

7

forum, this Court finds that the dispute arose out of a dispute to an agreement that was created and to be performed in West Virginia and was not related to the forum state of Illinois. As to the third criteria, whether it is reasonable to require the defendant to litigate in the forum state, this Court finds, as it did above, that it would completely unreasonable to require a West Virginia resident to travel to Illinois to litigate against a West Virginia Company over land located in West Virginia. West Virginia is where the attorney that set up the LLC that is being sold is located, it is where the assets of the LLC that are in dispute are located, and is where the majority of witnesses and evidence is located. Illinois's only attachment to the dispute is that it is where a member of the LLC resides, and for that reason it is unreasonable to require the Defendant to litigate in that jurisdiction.

In conclusion, for the reasons set forth above, this Court finds that the Illinois Court lacked personal jurisdiction over the Defendant to render the judgment issued against her, and by doing so violated her right to due process of law under both the Illinois Constitution and the United States Constitution. Additionally, Illinois does not have a substantial interest in resolving this matter, and justice would be better served by the Plaintiff refilling this case in Logan County, West Virginia and it being addressed by the courts of this state.

Furthermore, the Illinois Court lacked subject-matter jurisdiction to adjudicate a dispute concerning the contract at issue in this case due to the very language in the contract at paragraph 10(a) of the contract which reads, "This Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia, without regard, however, to such jurisdiction's principles of conflict of laws." There is

8

no indication in the January 20, 2011 order of the Circuit Court of Cook County, Illinois that its decision concerning this disputed contract was based upon the laws of West Virginia. Therefore, the Illinois Court lacked subject-matter jurisdiction, as well as personal jurisdiction.

Therefore, for the reasons set forth above, it is hereby **ORDERED &** **ADJUDGED** that Defendant's Motion to Quash Writ of Execution and Motion to Deny Full Faith and Credit is **GRANTED**, execution upon this foreign judgment is unenforceable due to a lack of jurisdiction, and this case shall be stricken from the docket.

The Clerk shall provide copies of this order to:

- Carl Adkins, P.O. Box 1244, Logan, WV 25601, and

- Rob Kuenzel, 36 Adams Street, P.O. Box 607, Chapmanville, WV 25508.

Entered this _2 ? U_ day of June, 2011.

Roger L. Perry
Chief Judge, 7th Circuit

JUN 28 P 3: 48

RECEIVED & FILED

A COPY ATTEST

9