# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BETTY J. AYERS and
DAVID R. AYERS,
Plaintiffs Below, Petitioners**

**v.) No. 23-ICA-286**          (Cir. Ct. Cabell Cnty. Case No. 22-C-44)

**J. PATRICK JONES, Substitute Trustee,
and PINNACLE BANK,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Betty J. Ayers and David R. Ayers appeal the May 31, 2023, order of the Circuit Court of Cabell County. In that order, the circuit court denied the Petitioners' motion to alter or amend its prior judgment, granted the Respondents' motion to substitute parties, and denied Petitioners' motion to strike the notice of substitution of counsel. Respondents J. Patrick Jones, Substitute Trustee, and Pinnacle Bank timely filed a response.[1] The Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but there is some error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is affirmed, in part, and reversed, in part.

On February 7, 2022, the Petitioners instituted the underlying matter by filing their verified complaint and motion for temporary restraining order against J. Patrick Jones, as substitute trustee, and Pinnacle Bank. The complaint asserted various tort claims as well as a claim for breach of contract and sought to prevent the foreclosure and trustee's sale of certain property in Cabell County where Mr. Ayers' medical practice was located until his retirement in 2015. Since his retirement, the Petitioners leased the building to Valley Health Systems, Inc.

The complaint alleges that in 2013, the Petitioners entered into certain financial arrangements with Pinnacle Bank concerning their Cabell County property. In 2020, as the

---

[1] The Petitioners are represented by Roy D. Baker, Jr., Esq., and W. Stephen Flesher, Esq. Respondents are represented by Ancil G. Ramey, Esq.

1

Petitioners' loan with Pinnacle came up for renewal, an employee of Pinnacle made certain representations to the Petitioners about the need for additional paperwork for an extension of their loan to be finalized. Mrs. Ayers executed the documents provided to her and received a release from Pinnacle Bank. The Petitioners allege that upon further review of the documents, they discovered that she had executed a new loan agreement. The Petitioners then rescinded their agreement to the new loan. Pinnacle, through Mr. Jones, eventually provided the Petitioners with a Notice of Trustee's Sale for their Cabell County property, which led to the filing of their complaint and motion for temporary restraining order.

On February 10, 2022, the circuit court entered an ex-parte order temporarily restraining the trustee's sale. The circuit court subsequently extended the restraining order for an additional ten days.

Pinnacle Bank and Mr. Jones appeared by counsel and separately moved to dismiss. By order entered July 7, 2022, the circuit court dismissed the case against Mr. Jones under *Lucas v. Fairbanks Cap. Corp.*, 217 W. Va. 479, 618 S.E.2d 488 (2005), as the complaint stated no cause of action against him. The circuit court dismissed the suit against Pinnacle Bank because the Petitioners' loan agreement provided for applying Tennessee law in a Tennessee forum and arbitration of any dispute. The circuit court noted in a footnote that even if it could exercise subject matter jurisdiction, it did not have personal jurisdiction over Pinnacle Bank because Pinnacle Bank was not served with a summons and complaint as required by Rule 4(d)(8) of the West Virginia Rules of Civil Procedure. The circuit court held that the Petitioners' remedy would be a proceeding in Tennessee, where they reside and Pinnacle Bank's principal place of business is located, where a Tennessee court or arbitration tribunal could provide the relief sought. The circuit court's order also dissolved the restraining order of the trustee's sale.

On July 15, 2022, the Petitioners filed their Motion to Alter or Amend the Final Order entered on July 7, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure in regard to Pinnacle Bank. In that motion, the Petitioners argued that the circuit court committed error by ruling "it has neither personal jurisdiction nor subject matter jurisdiction over Pinnacle concerning the allegations contained in the Plaintiff's Verified Complaint yet proceeding to make findings of fact and conclusions of law involving Pinnacle in its Final Order beyond and including the dismissal of Jones[.]" The motion asked the circuit court to "alter or amend its Final Order entered on July 7, 2022, insofar as it applies to Pinnacle with the exception of granting the Motion to Dismiss filed on behalf of Pinnacle pursuant to Rules 12(b)(2) and 12(b)(5) . . . without prejudice." On July 18, 2022, the Petitioners filed another Motion to Alter or Amend the Final Order entered on July 7, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure; this time in regard to Mr. Jones. The basis for the motion and the relief requested was the same as the Petitioners' previously filed motion to alter or amend.

2

On December 8, 2022, Pinnacle entered into a Loan Purchase Agreement with Valley Health Systems, Inc., in which Valley Health acquired the loan on the subject property. On December 14, 2022, a motion for substitution of parties and substitution of counsel was filed by Sarah Ellis and Charles Russell as substitute trustees, and Valley Health Systems, Inc., as successor in interest of Pinnacle Bank on the basis that Valley Health had purchased the loan and Pinnacle Bank had otherwise assigned its rights to the Petitioners' loan to Valley Health. On January 12, 2023, a notice of substitution of counsel was filed by Ancil G. Ramey, Esq., as counsel for the new parties. The Petitioners objected to the substitutions and filed a motion to strike the notice of substitution of counsel.

On February 23, 2023, the circuit court held a hearing on the pending motions. On May 31, 2023, the circuit court entered an order disposing of the pending motions. In that order, the circuit court initially noted that although the Petitioners' motions to alter or amend the final order were filed in July of 2022, the Petitioners failed to bring them on for a hearing until February 23, 2023. The circuit court then went on to grant the motion for substitution of parties, deny the motion to strike the motion for substitution of counsel, and deny the Petitioners' motions to alter or amend the final order. Specifically, in regard to the motion to alter or amend the final order, the circuit court held the Petitioners failed to meet the applicable standards because:

> (a) there was no contention that this Court lacked jurisdiction over J. Patrick Jones, the Substitute Trustee, and the Court … ruled on the merits of the claims against Mr. Jones and (b) this Court held, due to enforceable arbitration and forum selection clauses in the subject commercial loan documents, that it lacked 'subject matter jurisdiction' over Pinnacle.

It is from this order that the Petitioners appeal.

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Evans Geophysical, Inc. v. Ramsey Associated Petroleum, Inc.,* 217 W. Va. 45, 614 S.E.2d 692 (2005) (per curiam).

On appeal, the Petitioners first assert that the circuit court's decision to deny their Rule 59(e) motions to alter or amend the final order was erroneous. We agree as to the dismissal of Pinnacle Bank for a lack of subject matter jurisdiction based upon the loan agreement. In Syllabus Point 2 of *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W. Va. 48, 717 S.E.2d 235 (2011), our Supreme Court said,

3

[a] motion under Rule 59(e) of the *West Virginia Rules of Civil Procedure* should be granted where: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice.

In the instant case, the circuit court dismissed the claims against Pinnacle Bank for lack of subject matter jurisdiction and then noted in a footnote that in the alternative, it did not have personal jurisdiction over Pinnacle Bank due to a defect in service.[2] However, forum selection and arbitration clauses do not implicate subject matter jurisdiction.[3] *See Firewater Restoration, Inc. v. Maroni,* No. 21-0912, 2023 WL 3719859, at *3 (W. Va. May 30, 2023) (memorandum decision) (forum selection clauses don't implicate subject matter or personal jurisdiction; they are just evidence of the parties' agreement to litigate disputes in a particular venue); Syl. Pt. 4, *State ex rel. Barden and Robeson Corp. v. Hill*, 208 W. Va. 163, 539 S.E.2d 106 (2000) ("The mere existence of a contractual agreement among litigants to arbitrate a dispute does not deprive a circuit court of subject matter jurisdiction…"). Accordingly, since the circuit court dismissed the complaint against Pinnacle Bank on the basis that it did not have subject matter jurisdiction due to the loan agreement, Petitioner's Rule 59(e) motion should have been granted because it was necessary to remedy a clear error of law. Accordingly, the circuit court's ruling is reversed in regard to subject matter jurisdiction and the claims against Pinnacle Bank are dismissed for lack of personal jurisdiction.

The Petitioners next assert that the circuit court erred by granting the motion to substitute parties and not striking the notice of substitution of counsel. We disagree. Rule 25(c) of the West Virginia Rules of Civil Procedure provides:

(c) Transfer of interest. - In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

---

[2] Petitioners do not dispute that their claims against Pinnacle Bank should be dismissed for lack of personal jurisdiction.

[3] We note, however, that it was not error for the circuit court to first address subject matter jurisdiction before personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (there is no "unyielding jurisdictional hierarchy", but subject matter issues are generally resolved before personal jurisdictional issues.)

4

Here, the circuit court granted the substitution of Valley Health, Inc., for Pinnacle Bank after the interest in the Petitioners' loan was transferred to Valley Health, Inc., and after the Respondents filed a motion for substitution of parties, which is consistent with Rule 25(c). The Petitioners cite no authority that demonstrates that it is reversible error for the circuit court to grant a substitution of parties under the facts of this case. Likewise, the Petitioners cite no authority that demonstrates that the alleged technical shortcomings with the notice of substitution of counsel constitute reversible error. Accordingly, the circuit court did not err by granting the substitution of parties or failing to strike the notice of substitution of counsel.

The Petitioners next argue that the circuit court erred by holding a single twenty-five-minute hearing for argument on six separate motions. We disagree. Pursuant to Rule 22.03 of the West Virginia Trial Court Rules, whether or not a circuit court holds a hearing on a motion is discretionary with the circuit court. The Petitioners argue, however, that once the circuit court decides to hold a hearing, the circuit court "has a duty to hold a meaningful hearing of longer than four minutes per motion in order to make a clear and complete record for the Appellate Court to review and consider[.]" On appeal, the Petitioners have the duty to support their arguments with citation to authority as well as "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* The Petitioners again fail to cite to any authority to support their position.[4] Further, the Petitioners do not elaborate on how the length of the hearing prevented them from raising any arguments or putting on any evidence. Nor do they assert why or how the briefing of the motions was insufficient for the circuit court to decide the issues. Finally, the Petitioners do not cite to the record to demonstrate that they objected to this issue before the circuit court. "'[F]ailure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (quoting *United States v. Calverley,* 37 F.3d 160, 162 (5th Cir.1994) (*en banc*). Accordingly, the Court disregards this assignment of error as the record does not reflect that this issue has been preserved for appeal.

The Petitioners next argue that the circuit court erred in entering the proposed order prepared by the Respondents because the proposed order contained argumentative rhetoric, did not include case law supporting their position, and contains findings of fact and conclusions of law that the circuit court did not announce from the bench at the February 23, 2023, hearing. The Petitioners further argue it was error for the circuit court to fail to

---

[4] Even if the Petitioners were entitled to a hearing, the length of the hearing would be entrusted to the sound discretion of the circuit court and the circuit court may impose reasonable restrictions on the length of the hearing. Such discretion is only reviewed for an abuse of discretion. *See generally* 60 C.J.S. Motions and Orders, § 35 Westlaw (database updated May 2024).

5

hold a hearing on their objections to the proposed order. We disagree. Under Rule 24.01(d) of the West Virginia Trial Court Rules, if a party objects to a proposed order, a hearing is required only "if the judicial officer determines that a hearing is necessary to resolve the conflict[.]" Therefore, the circuit court did not violate Rule 24.01(d) when it entered the proposed orders without a hearing. Further, although the circuit court took the matter under advisement at the conclusion of the February 23, 2023, hearing and therefore did not announce its ruling from the bench, there is no requirement that the circuit court state its findings of fact and conclusions of law on the record before entering a written order. "It is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton,* 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006) (per curiam). Accordingly, the circuit court did not err by entering the proposed order proposed by the Respondents.

Finally, the Petitioners argue that the circuit court erred by failing to enter an order following a hearing held on March 2, 2022. The Court again notes that on appeal, the Petitioners have the duty to support their arguments with citation to authority as well as "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, the Petitioners do not state what the import of such an order is, whether and how they sought to compel the circuit court to enter such an order, or how such an alleged error by the circuit court is not mooted by the dismissal of their complaint. Accordingly, the Court disregards this assignment of error as not adequately supported by specific references to the record on appeal.

Wherefore, based on the foregoing, the May 31, 2023, order of the Circuit Court of Cabell County is reversed in part and affirmed in part.

Affirmed, in part, and Reversed, in part.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear