# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

December 6, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KENDALL K. RICHARDS,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-512**            (Cir. Ct. Wood Cnty. No. CC-54-2020-C-207)

**JAMES VUKSIC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kendall Richards appeals the Circuit Court of Wood County's October 23, 2023, order. In that order, the circuit court vacated a previously granted stay of the matter, denied Mr. Richards' motion to continue, and granted Respondent James Vuksic's motion to enforce a foreign judgment. Mr. Vuksic filed a response in support of the circuit court's order.[1] Mr. Richards filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law but there is some error. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for a memorandum decision. For these reasons, a memorandum decision vacating the circuit court's order is appropriate.

This case involves a foreign judgment entered against Mr. Richards as the result of criminal proceedings in the State of Ohio. As a result of the criminal proceedings, Mr. Richards entered into a plea agreement wherein the court would accept his plea of guilty but withhold adjudication contingent upon Mr. Richards returning the money he allegedly stole from Mr. Vuksic.

On April 3, 2020, the Common Pleas Court of Washington County, Ohio, entered an order that stated that Mr. Richards failed to comply with the terms of his plea agreement. The Ohio court noted although Mr. Richards had since attempted to change his plea of guilty, the court found that he was advised of all his rights in open court and waived those rights voluntarily. Therefore, the court accepted Mr. Richards' guilty plea. The court then went over the pre-sentence investigation report which noted Mr. Richards had substantial

---

[1] Mr. Richards is represented by Gordon L. Mowen, II, Esq., and Kelly Calder Mowen, Esq. Mr. Vuksic is represented by Dustin N. Schirmer, Esq.

1

assets including numerous rental properties, a home and a business property valued at over $900,000.00. The court then sentenced Mr. Richards to eight years in prison with credit for time served and ordered him to pay a $10,000.00 fine as well as $1,398,000.00 in restitution to Mr. Vuksic plus statutory interest.

On October 5, 2020, Mr. Vuksic, by counsel, filed his Enforcement of Foreign Judgment in the Circuit Court of Wood County, West Virginia, based upon the restitution judgment in Ohio. On November 16, 2020, Mr. Richards, by counsel, filed his Motion to Stay and to Vacate Foreign Judgment. The body of the document states as follows:

1. The Defendant/Judgment Debtor, Kendall K. Richards, has appealed the foreign judgment in favor of the Plaintiff/Judgment Creditor.

2. The foreign judgment in favor of the Plaintiff/Judgment Creditor should not be given full faith and credit in the State of West Virginia.

Mr. Vuksic replied and opposed the motion for stay. Ultimately, following a hearing on January 22, 2021, the circuit court entered an order staying the proceedings.

On September 8, 2023, Mr. Vuksic filed his Motion to Enforce Final Judgment/Motion for Final Judgment which sought to lift the stay on the basis that Mr. Richards had exhausted the appellate process in Ohio. On September 12, 2023, counsel for Mr. Vuksic sent a notice of hearing set for October 12, 2023. The notice was mailed to Mr. Richards individually and his counsel. The notice simply states the address of the courthouse; it does not provide a phone number, a Teams link, or a Zoom link for the hearing.

On September 18, 2023, Mr. Richards, by counsel, moved to continue the hearing on the basis that counsel would be out of town on a previously scheduled vacation. The very next day, Mr. Vuksic opposed the motion to continue. Also on September 19, 2023, the circuit clerk's office filed Mr. Richards' pro se motion to continue which stated, "[t]he defendant is seeking counsel to represent him in this matter. So he can fight the allegation(s) that have been brought in Wood County, West Virginia. Defendant has to rely on counsel for representation."

On October 5, 2023, Mr. Richards filed another pro se motion to continue. In that motion, Mr. Richards stated that he was diagnosed with cancer on August 25, 2022, which required emergency surgery on January 10, 2023. Since that time, he has undergone chemotherapy and radiation therapy. He further asserted that there was a misunderstanding about whether his counsel was still representing him and that was why they both filed motions to continue. Mr. Richards states that he was in talks with several attorneys about representing him and asked the circuit court to continue the matter until after a deadline in his federal habeas corpus case. He further asked the circuit court, in the event he was unable

to find counsel in time for the hearing, to appoint him counsel since he could afford to pay for the appointed counsel.

On October 10, 2023, the circuit court entered an order prepared by counsel for Mr. Richards. In that order, the circuit court allowed Mr. Richards' counsel to withdraw on the basis that Mr. Richards indicated in his other filings that he was seeking new counsel.

Two days later, on October 12, 2023, the circuit court held a final hearing on the motion to enforce foreign judgment. Mr. Vuksic was present with counsel. Mr. Richards was not present in person, by counsel, or by any electronic means. It does not appear from the record that there was any attempt to contact Mr. Richards during the hearing. At the hearing, the circuit court and counsel for Mr. Vuksic had the follow exchange:

> Court: My only concern is proceeding without either counsel or guardian ad litem; does that create error and possible—reversal of anything we would do today?
>
> Counsel: – I would probably argue it is not, given the fact that it has been going for three years and, I mean Mr. Cosenza [Mr. Richards' counsel that withdrew 2 days prior] was still technically on this case up until like last – last month.
>
> . . .
>
> I – I don't believe it would create a reversible – a reversible error since it is a – it is a civil matter, and I mean he's been able to communicate with – with the court on that.
>
> . . .
>
> Court: All right. Well is he entitled to a guardian ad litem since he's a convicted incarcerated convict?
>
> Counsel: I don't believe so for this particular civil type of proceeding. I'm not certain.

Counsel for Mr. Vuksic argued the requested relief should be granted because Mr. Richards had the opportunity to hire a lawyer or even participate in the hearing via Teams which, counsel argued, Mr. Richards could do because he mailed him the notice of the hearing. Though, as noted previously, the notice of hearing provided no information that would allow Mr. Richards, an incarcerated individual, to participate in the hearing remotely.

3

Following the hearing, on October 23, 2023, the circuit court entered its Final Order. In that order, the circuit court found and concluded Mr. Richards' federal habeas corpus petition challenged only his detainment, not the restitution award; that Mr. Richards did not make an appearance despite having had ample opportunity to make an appearance; that there is no apparent defense to the filing of the foreign judgment and its enforcement in the State of West Virginia; and that since Mr. Richards' appeals process had been exhausted, the judgment was enforceable. Based on the foregoing, the circuit court lifted the stay previously imposed; denied Mr. Richards' motion to continue; and enforced the foreign judgment award of $1,380,000.00, plus interest. It is from this order that Mr. Richards appeals.

In this appeal, we are guided by the following standard of review:

> In reviewing challenges to the findings and conclusions of a circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Evans Geophysical, Inc. v. Ramsey Associated Petroleum, Inc.,* 217 W. Va. 45, 614 S.E.2d 692 (2005) (per curiam).

Mr. Richards asserts five assignments of error. First, Mr. Richards argues the circuit court erred by lifting the stay of this matter while his federal habeas petition was still pending. Second, Mr. Richards argues the circuit court erred by finding that a federal habeas petition, if granted, would not impact the validity of the Ohio Court's final order. Third, he argues the circuit court erred by not appointing Mr. Richards a guardian ad litem. Fourth, he argues the circuit court erred by determining that there is no defense to the application of the Full Faith and Credit Clause in West Virginia. Finally, Mr. Richards argues the circuit court violated Mr. Richards' due process rights by holding a hearing on Mr. Vuksic's motion and entering judgment against Mr. Richards in his absence.

Although Mr. Richards asserts multiple assignments of error, we find the due process issue dispositive of this appeal. "The most basic of the procedural safeguards guaranteed by the due process provisions of our state and federal constitutions are notice and the opportunity to be heard, which are essential to the jurisdiction of the court in any pending proceeding." *P.G. & H. Coal Co., Inc. v. International Union, United Mine Workers of America,* 182 W. Va. 569, 579, 390 S.E.2d 551, 561 (1988) (McHugh, J. concurring) (quoting *Chesapeake and Ohio System Federation v. Hash,* 170 W. Va. 294, 299, 294 S.E.2d 96, 101 (1982)); *cf. Eastern Associated Coal Corp. v. John Doe,* 159 W. Va. 200, 207 n. 2, 220 S.E.2d 672, 678 n. 2 (1975) (holding that failure to give notice and opportunity to defend may deprive court of jurisdiction). While the circuit court is not

4

required to appoint a guardian ad litem or attorney for every incarcerated individual who is named as a defendant in a civil action, it must take some action to ensure the incarcerated individual's due process rights are protected, even if that is simply allowing him to participate in the hearing. *See* W. Va. R. Civ. P. 17(c); Syl. Pt. 2, *Quesinberry v. Quesinberry*, 191 W. Va. 65, 443 S.E.2d 222  (1994) (holding that the appointment of guardian ad litem for a prisoner in civil action is not mandatory if court can reasonably order another appropriate remedy while prisoner remains under legal disability of incarceration.); *Kanode v. Gills*, No. 12-1347, 2013 WL 5525734, at *n.6 (W. Va. Oct. 4, 2013) (memorandum decision) (affirming where a circuit court provided for incarcerated individual to participate in hearing on motion to dismiss.) However, "[a] convict with sufficient resources and motivation to defend the asserted claims is entitled to hire legal representation[.]" *State ex rel. Doe-1 v. Silver*, No. 15-0029, 2015 WL 3756944, at *6 (W. Va. June 16, 2015) (memorandum decision).

Here, the circuit court failed to do anything to ensure Mr. Richards' due process rights, as an incarcerated defendant to the civil action, were protected. As noted previously, the circuit court allowed Mr. Richards' counsel to withdraw from representation just two days prior to the scheduled hearing. Then, despite multiple motions by Mr. Richards asking the circuit court to continue the matter so that he may retain counsel, the circuit court held the hearing without allowing Mr. Richards time to retain counsel, without appointing a guardian ad litem to appear on behalf of Mr. Richards, and without providing him with a reasonable opportunity to participate in the hearing.  Such a disregard of Mr. Richards' due process rights warrants vacation of the circuit court's order and remand of this matter with instruction to the circuit court to hold a new hearing wherein counsel for Mr. Richards is permitted to defend him, or, if Mr. Richards is unrepresented on remand, to order such other remedy as the circuit court deems appropriate to protect the due process rights of Mr. Richards.[2]

Accordingly, the Circuit Court of Wood County's October 23, 2023, order is vacated, and this matter is remanded with instructions.

Vacated and Remanded.

**ISSUED:**  December 6, 2024

**CONCURRED IN BY:**

---

[2] This Decision addresses Mr. Richards' third and fifth assignments of error. The remaining assignments of error relate to the substance of the circuit court's October 23, 2023, order. Since we vacate that order, we decline to pass judgment upon the arguments raised in the remaining assignments of error, on appeal, as those arguments are best addressed for the first time by the circuit court on remand.

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear