# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GREGORY H. SCHILLACE,**
**Putative Intervenor Below, Petitioner**

**v.) No. 25-ICA-37**  (Cir. Ct. of Harrison Cnty. Case No. CC-17-2019-C-94)

**ROBERT MATHENY,**
**Sheriff of Harrison County,**
**Defendant Below, Respondent**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory H. Schillace appeals the Circuit Court of Harrison County's December 26, 2024, Order Denying Award of Attorney Fees and Dismissing Case. Respondent Robert Matheny, Sheriff of Harrison County ("Sheriff Matheny"), filed a response.[1] Mr. Schillace filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

Mr. Schillace previously represented an individual named Melanie Rock. In his capacity as attorney for Ms. Rock, Mr. Schillace sent a request to Sheriff Matheny pursuant to the West Virginia Freedom of Information Act ("FOIA"). The FOIA request was ultimately denied, which led to Mr. Schillace filing the underlying action in circuit court on behalf of Ms. Rock.

A final hearing was held on August 9, 2019, at which Ms. Rock and Sheriff Matheny ultimately resolved all substantive issues. Mr. Schillace then asked for the circuit court to award attorney's fees and costs. The circuit court heard argument on this issue and ultimately found that Ms. Rock failed to file an itemization of Mr. Schillace's fees, and the record was closed. The circuit court memorialized this ruling in its September 28, 2020, Final Order Addressing Attorney Fees and Removing Case from Docket. In that order, the circuit court found that the amount of attorney's fees sought were excessive and instead awarded attorney's fees in the amount of $1,000.00 and $274.06 in costs plus interest. On October 16, 2020, Ms. Rock filed an untimely motion to alter or amend, invoking both

---

[1] Mr. Schillace is self-represented. Sheriff Matheny is represented by Andrea L. Roberts, Esq., Harrison County Prosecuting Attorney's Office.

Rule 59(e) and Rule 60(b) of the West Virginia Rules of Civil Procedure. On May 23, 2022, the circuit court entered an order finding the motion untimely under Rule 59(e) and considering it as a Rule 60(b) motion for relief from judgment, which the court denied.

Mr. Schillace, on behalf of Ms. Rock, appealed the circuit court's ruling to the Supreme Court of Appeals of West Virginia. By memorandum decision filed May 7, 2024, the Supreme Court ultimately concluded that under these circumstances, Ms. Rock did not receive adequate notice and an opportunity to be heard on the issue of attorney's fees and costs. Accordingly, the Court found that the circuit court abused its discretion in denying Ms. Rock's Rule 60(b) motion. The Supreme Court declined to pass on the reasonableness of the attorney's fees sought and remanded the matter for "consideration of attorney's fees and costs with notice and the opportunity to be heard for all parties." *See Rock v. Matheny*, No. 22-0433, 2024 WL 2032745, at *3 (W. Va. May 7, 2024) (memorandum decision).

During the pendency of the appeal before the Supreme Court, Mr. Schillace's license to practice law was suspended for two years. *See Law. Disciplinary Bd. v. Schillace*, 247 W. Va. 673, 885 S.E.2d 611 (2022) (mandate issued February 17, 2023).

Following remand back to circuit court, on June 14, 2024, Mr. Schillace filed a notice of appearance in which he sought to appear as the assignee of Ms. Rock, which the circuit court considered as a motion to intervene or substitute parties. Prior to the circuit court ruling upon the motion to intervene or substitute parties, on December 2, 2024, Mr. Schillace filed a motion to determine the amount of attorney's fees and costs. Nevertheless, the circuit court set a hearing on the motion for attorney's fees for December 18, 2024.[2]

On December 10, 2024, Mr. Schillace filed a motion to disqualify the circuit court judge, which was forwarded to the Chief Justice of the Supreme Court of Appeals of West Virginia. On December 17, 2024, the Supreme Court entered an administrative order that denied the motion to disqualify.

On December 26, 2024, the circuit court entered its Order Denying Award of Attorney Fees and Dismissing Case. In that order, the circuit court noted that Ms. Rock called the court to inquire about the status of the December 18, 2024, hearing and was informed that the hearing would be held as scheduled. The circuit court went on to find that Ms. Rock advised Mr. Schillace that the hearing would go on as scheduled. The circuit

---

[2] According to the circuit court's Order Denying Award of Attorney Fees and Dismissing Case, "[t]he Court intended at that Hearing to first take up the matter of Mr. Schillace's intervening or substituting at which time the Court would make a ruling and then proceed onto the matter of attorney fees with either Ms. Rock or Mr. Schillace as a plaintiff."

2

court concluded that Mr. Schillace had notice of the December 18, 2024, hearing but failed to appear for the same. Further, Mr. Schillace did not have standing to make any filings in the matter as he was no longer permitted to represent Ms. Rock and was not a party in the matter. Based on the foregoing, the circuit court held that Mr. Schillace's motion to intervene or substitute was denied due to his failure to appear despite sufficient notice and, as a result, the motion for attorney's fees was denied as having been improperly filed by a non-party. It is from this order that Mr. Schillace appeals.

Our governing standard of review is as follows:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Evans Geophysical, Inc. v. Ramsey Associated Petroleum, Inc.,* 217 W. Va. 45, 614 S.E.2d 692 (2005) (per curiam).

On appeal, Mr. Schillace argues that the circuit court erred by conducting the December 18, 2024, hearing. Essentially, Mr. Schillace argues that since he did not receive notice that the Supreme Court ruled on his motion to disqualify until December 20, 2024, he did not have adequate notice that the December 18, 2024, hearing would go forward as scheduled. We disagree. Although Rule 17.01(b)(1) of the West Virginia Trial Court Rules requires that a circuit judge "proceed no further in the matter" once a circuit judge receives a motion to disqualify, there is no requirement that previously scheduled hearing dates be continued generally. While Mr. Schillace may have assumed that the matter would be continued generally while the Supreme Court considered his motion to disqualify, he did so to his own detriment as the Supreme Court was able to resolve his motion to disqualify prior to the scheduled hearing for which he did not appear. Mr. Schillace admits that he initially received notice of the scheduling of the December 18, 2024, hearing, and he does not assert that the circuit court took any action in the matter within the meaning of Rule 17.01(b)(1) until the pending motion for disqualification was disposed of by the Supreme Court. Accordingly, the circuit court did not err by conducting the December 18, 2024, hearing.

Next, Mr. Schillace argues that the circuit court "acted with actual bias and undue prejudice[.]" However, we decline to address this assignment of error as the matter of judicial disqualification is a matter of discretion reposed solely in the circuit court judge presiding over the case and the Chief Justice of the Supreme Court of Appeals. *See Patton v. County of Berkeley*, 242 W. Va. 315, 319, 835 S.E.2d 559, 563 (2019). Insomuch as Mr. Schillace may be attempting to make some other argument, we cannot consider

3

indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, Inc., 22-ICA-162, 2023 WL 4027501, at \*4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.)); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at \*5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015)).

Lastly, Mr. Schillace asserts that the circuit court erred by refusing to grant attorney's fees and costs upon the successful prosecution of a FOIA claim. However, such an assignment of error mischaracterizes the circuit court's ruling. The circuit court held that by not appearing for the December 18, 2024, hearing, Mr. Schillace willfully abandoned his efforts to become a party in the case, and as a result, the circuit court denied his motion for attorney's fees and costs as having been improperly filed by a nonparty.[3] Mr. Schillace has not demonstrated that such a ruling by the circuit court is erroneous. *See generally* Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at \*2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Accordingly, we decline to find that the circuit court erred in this regard.

Based on the foregoing, we affirm the circuit court's December 26, 2024, Order Denying Award of Attorney Fees and Dismissing Case.

Affirmed.

---

[3] Mr. Schillace has argued that West Virginia Rule of Civil Procedure 25(c) allowed him to file a motion for attorney fees without the court entering an order making him a party. Rule 25(c) provides that: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." This language allows an action to continue without any action being taken to add or substitute the transferee when there is a transfer of interest; the judgment will be binding on the transferee even though he is not named as a party. 7C Fed. Prac. & Proc. Civ. § 1958, Westlaw (3d ed. database updated May 20, 2025). If the transferee wants to participate in the litigation as a party, however, he or she must still ask to be substituted or joined. *See Interior Glass Serv., Inc. v. FDIC*, 691 F. Supp. 1255 (D. Alas. 1988) (FDIC was not a party to action until state court exercised its discretion to grant motion to substitute FDIC as a party defendant and it was not until that date that 30-day motion for filing removal petition began to run); *Trapnell & Assocs., LLC v. Legacy Resorts, LLC,* 469 P.3d 989, 1002 (Utah 2020) (decided under Utah state version of Rule 25).

**ISSUED:**  August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White